WHITNEY CENTRAL TRUST & SAVINGS BANK, PLAINTIFF AND APPELLEE, *v.* NICOLÁS HERNÁNDEZ & CO. ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 3338.—Decided January 21, 1925.

OWNERSHIP—INTERVENTION—PROCEDURE.—An action of intervention is independent of the principal action and the procedure therein should be the same as that in any other action. *Borinquen Trading Corporation* v. *District Court of San Juan,* 32 P. R. R. 184.

ID.—CONSIGNMENT OF MERCHANDISE—DRAFT WITH BILL OF LADING—DISCOUNT OF DRAFT—THIRD PERSON—PLEDGE—POSSESSION. — Where the consignor draws on the consignee for the purchase money and the draft with the bill of lading attached is indorsed or transferred to some one who discounts the draft, a special property in the goods passes to the transferee, subject, however, to be divested by acceptance and payment of the draft. Under these circumstances the goods are pledged for the payment of the draft, and the party paying the draft is entitled to possession of the goods until the draft is paid in full.

The facts are stated in the opinion.

*Mr. J. G. Torres* for the appellants.

*Mr. F. Ramírez de Arellano* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action of intervention in ownership of personal property wherein the parties, at the instance of one of the defendants, submitted the case to the lower court on the pleadings and the court sustained the complaint with costs.

Because of such submission it seems well to transcribe the pertinent allegations of the complaint for a more orderly discussion of the matter.

They are as follows:

"On March 17, 1920, W. K. Seago & Co. shipped by steamship *Corozal* of the New York & Porto Rico Steamship Company, according to bill of lading No. 57, from the port of New Orleans, United States, 824 bags of rice to be delivered to N. Hernández & Co. upon payment of a draft for the value of the said rice, which

was sent attached to the bill of lading to the Royal Bank of Canada, San Juan Branch.

"The value of the rice, $8,277.75, was stated in the said draft drawn by W. K. Seago & Co. in favor of The Whitney Central Trust & Savings Bank, Morgan State Branch, against Nicolás Hernández & Co., inasmuch as the said draft was discounted by the Whitney Central Trust & Savings Bank, Morgan State Branch, which credited its amount to W. K. Seago & Co. less the corresponding discount.

"The draft, as has been said, was sent for collection by The Whitney Central Trust & Savings Bank, Morgan State Branch, together with the bill of lading, to the Royal Bank of Canada, San Juan Branch, from which N. Hernández & Co. should have taken up the bill of lading by paying the draft. When the rice reached San Juan, N. Hernández & Co. removed it from the dock on a letter of guaranty signed by the American Colonial Bank, but did not call for the bill of lading or the draft at the Royal Bank of Canada, San Juan Branch.

"Not knowing that N. Hernández & Co. had received the rice, on September 7, 1920, the Royal Bank of Canada, San Juan Branch, following the instructions of The Whitney Central Trust & Savings Bank, Morgan State Branch, delivered the bill of lading to Isidoro D. Delgado, public auctioneer, directing him to take possession of the rice and sell it by public auction for account of The Whitney Trust & Savings Bank, Morgan State Branch.

"When the auctioneer undertook to obtain possession of the rice he found that it had been removed on April 1, 1920, by N. Hernández & Co. in the manner already indicated, and on October 25, 1920, N. Hernández & Co. sold the said rice at $6.25 per bag and paid over the proceeds of the sale, $5,150.00, to Delgado. Immediately thereafter N. Hernández & Co. brought an action against W. K. Seago & Co. and attached the said sum in the possession of Isidoro D. Delgado.

"The said draft for $8,277.75, which represented the value of the 824 bags of rice, was drawn directly by W. K. Seago & Co. in favor of The Whitney Central Trust & Savings Bank, Morgan State Branch, and as this draft belonged exclusively to the said bank, it is natural that the rice represented by the said draft also belonged to the said bank.

"When N. Hernández & Co. attached the value of the rice as the property of W. K. Seago & Co. they wilfully and purposely deprived The Whitney Central Trust & Savings Bank, Morgan

State Branch, of money belonging to it, and this is the basis of this action of intervention, which is brought in good faith and with no intention of interfering with the action brought by the defendants.''

In the answer the following is alleged:

''That the money attached in the possession of Isidoro Delgado, public auctioneer, proceeds from the sale of rice shipped by defendants W. K. Seago & Co. to their then agents in this Island, Nicolás Hernández & Co., who took possession of the rice and ordered it to be sold by public auction.

''That in so acting the agents of the said defendants were protecting the interests of their principals and that the action brought against W. K. Seago is also for the protection of their interests and to secure them against a greater loss.

''That the action was brought against W. K. Seago or his liquidator, now the plaintiff in intervention, and the latter can not at the same time appear as defendant and as intervenor.

''That even if the intervenor really had some right to the money attached, the protection of the interests of W. K. Seago would be also the protection of those of the bank, and any preference to the proceeds of the rice should be given to Nicolás Hernández & Co., inasmuch as they acted for the benefit of Seago and the bank and the debt is the result of expenses incurred in effecting such protection.''

After having filed the answer the defendants interposed a demurrer on the ground of failure to state a cause of action for the following reasons:

''The undersigned base this pleading on the fact that as The Whitney Central Trust & Savings Bank, Morgan State Branch, is a co-defendant with W. K. Seago & Co., it can not be considered as a third person.

''And although it is true that this court ruled on a demurrer for lack of jurisdiction over the defendant, The Whitney Central Trust & Savings Bank, no judgment has been entered and until a final judgment is rendered in their favor they can not appear as third persons.

''In support of this we cite the following cases:

''La Compañía de los Ferrocarriles de Puerto Rico et al. v. La Compañía Línea Férrea del Oeste et al., 8 P.R.R. 408; Castrillón

& Co. v. Castejón, Municipal Judge, 27 P.R.R. 828; Schroder v. Schmidt, 71 Cal. 399, and Coon v. United Order of Honor, 76 Cal. 354.''

Notwithstanding the stipulation signed by them for judgment on the pleadings, Nicolás Hernández & Co. submitted to the court below a statement of the case containing a recital of the facts and of the questions of law involved in the principal action, but the court did not approve it, and it is not for us in this appeal to consider the reasons adduced by the appellants in their brief attacking the said ruling of the court. The appellants, however, attempt to justify themselves by alleging that they asked for judgment on the pleadings in the belief that as the intervention was an incident, they could bring up on appeal the proceedings in the principal action; but that they were unable to do so because of the court's refusal. But we have held already that an action of intervention is independent of the principal action and the procedure therein should be the same as that in any other action. In the case of *Borinquen Trading Corporation* v. *District Court of San Juan,* an action of intervention disposed of by this court on July 12, 1923, 32 P.R. R. 184, the following was said:

"The action of intervention being a separate action which requires judicial inquiry independently and apart from the main action, evidence examined in the latter and sought to be taken into consideration in the action of intervention must be repeated at its trial; therefore, evidence introduced in the principal action, but not in the action of intervention, can not be included in a transcript prepared for the perfection of an appeal from a judgment sustaining the complaint in intervention."

Passing to the pleadings, it will suffice to cite from the opinion of the trial judge the conclusions and citations applicable to this case, as follows:

"Let us now consider what rights The Whitney Central Trust & Savings Bank, Morgan State Branch, may have in the proceeds of the sale of the rice deposited with the public auctioneer. This

appears to have been clearly established, considering that the allegations contained in the complaint in intervention have been admitted. There is no doubt that the issuance in favor of The Whitney Central Trust & Savings Bank, Morgan State Branch, of a draft for the value of the attached rice by W. K. Seago & Co. transferred to the said bank all title that the vendors had in the said merchandise.

"See 8 Corpus Juris, 387, as follows:

" 'The transfer of a negotiable bill or note carries with it all rights and powers provided for in the instrument itself or in collaterals accompanying it, and other rights growing out of and connected with the transfer of the paper, etc.'

"If to this we add the fact that the said draft was attached to the bill of lading, the right of the intervenor becomes still clearer,

"See 10 Corpus Juris, 202, as follows:

" 'Where the consignor draws on the consignee for the purchase money and the draft with the bill of lading attached is indorsed or transferred to some one who discounts the draft, a special property in the goods passes to the transferee, subject, however, to be divested by acceptance and payment of the draft. Under these circumstances the goods are pledged for the payment of the draft, and the party paying the draft is entitled to possession of the goods until the draft is paid in full.' "

If it were not for the fact that the appellee has not been exacting concerning the manner in which the brief of the appellants should have been presented, perhaps it might have been concluded that it does not fulfill the requirements of Rule 42 of the Supreme Court and the applicable jurisprudence. 29 P.R.R. 740.

After a series of general observations the appellants conclude their brief by assigning two errors: Failure of the complaint to state a cause of action because it appears that the intervenor was not a third person in law, and (2) that the trial court gave credit to the allegations of the intervenors and not to those of the defendants.

The two assignments are related as having the same ground. We have no doubt of the sufficiency of the complaint, for the defendants admit in the grounds in support of the demurrer that in the principal action the intervenor

was excluded as a defendant by order of the court, thus defeating the essential theory of the appellants that as the appellee was a party to the said proceeding, it was not a third person in law and had no right of action as intervenor.

The appellants insist, however, that as no judgment had been entered in the principal action and there is no final judgment in favor of the appellee, the latter can not appear as a third person. Without the necessity of disposing of this contention, the fact is that in this case it has no force, because such an allegation does not appear in the complaint in intervention.

For the foregoing reasons the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.