The Borinquen Trading Corporation, Peticionaria, v.
Corte de Distrito de San Juan, Demandada.

Solicitud para que se expida un auto de *certiorari* dirigido
a la Corte de Distrito de San Juan, Distrito Segundo,
Hon. Manuel Rodríguez Serra, Juez.

No. 409.—Resuelto en julio 12, 1923.

Tercería de Bienes Muebles—Transcripción en Apelación de Sentencia en
Tercería—Aprobación de la Transcripción de la Evidencia—Prueba Co-
rrectamente Eliminada de la Transcripción.—Siendo el procedimiento de
tercería de mejor derecho una nueva acción que exige investigación judicial
independiente y separada de la acción principal, la prueba que se practique
en ésta y que se pretende que surta sus efectos en el incidente de tercería,
tiene que repetirse en la vista de este último; por lo que, evidencia que se
introdujo en la acción principal pero no en la de tercería, no puede ser in-
cluída en la transcripción preparada para perfeccionar una apelación enta-
blada contra la sentencia que declaró con lugar la tercería.

Los hechos están expresados en la opinión.
Abogado de la peticionaria: Sr. F. Soto Gras.
Abogado de la parte contraria: Sr. M. Benítez Flores.

El Juez Asociado Sr. Franco Soto, emitió la opinión
del tribunal.

En el caso en cobro de dinero iniciado por *The Borin-
quen Trading Corporation* v. *Herederos desconocidos de
Octavio García Salgado y otros,* se embargó, para asegu-
rar la efectividad de la sentencia, un automóvil ''Cole'' y
como consecuencia de ese embargo se promovió, a nombre
de Manuel Benítez Flores, demanda de tercería reclamando
la propiedad del carro embargado.

Uno y otro caso fueron juzgados el mismo día, en una
misma sesión de la corte, practicándose primero la prueba
concerniente al cobro de dinero y a continuación la del in-
cidente de tercería. La corte inferior dictó sentencia de-
clarando con lugar las dos demandas, y contra la tercería
se interpuso el recurso de apelación. En la preparación de
este recurso la demandada y apelante, ''The Borinquen
Trading Corporation,'' se acogió al procedimiento de la

transcripción de la evidencia por el taquígrafo, la que después de ser aprobada por la corte, solicitó que se completara insertándose ciertos documentos que fueron presentados en evidencia al practicarse la prueba en la acción principal pero que, alegando partir de la base de no constituir dos acciones ni juicios distintos el de cobro de dinero y el de tercería, y ser el segundo accesorio e incidente del primero, dió por presentados y admitidos los documentos mencionanados para ambos efectos.

La moción de la demandada fué denegada y la corte inferior se fundó en que:

"No apareciendo de la transcripción de la evidencia que esos documentos fueren presentados y admitidos en el juicio sobre tercería, ni recordando el juez suscribiente si lo fueren o no, aunque está seguro de que constituyen parte de la prueba en el caso sobre cobro de dinero y en ellos hubo de fundar su sentencia, más apareciendo de la opinión de esta Corte que la prueba en el caso de la tercería se practicó el mismo día y a continuación de la vista del caso principal, lo cual está en contradicción con lo que el solicitante de la enmienda alega, que los juicios fueron celebrados simultáneamente y las pruebas practicadas conjuntamente, la Corte opina que no está justificada la enmienda que se interesa, y por tanto niega la moción."

Contra la resolución anterior se ha acudido ante nos mediante el presente *certiorari* para que revisemos dicha resolución y autoricemos la enmienda o corrección de la transcripción de la evidencia en la forma solicitada por el peticionario.

En apoyo de su petición el peticionario alega que en el incidente de tercería se refirieron, pesaron y discutieron los indicados documentos.

La aparente confusión en este caso parece que proviene de la relación que trata de establecer el peticionario entre una acción principal y un incidente de tercería. Este in-

cidente no es una intervención del tercero en la' materia en litigio del caso principal para proteger sus derechos en el sentido del artículo 72 del Código de Enjuiciamiento Civil, sino la introducción de ·una nueva cuestión litigiosa separada e independiente.   De manera que el tercerista no ha intervenido en la acción en cobro de dinero para fijar sus derechos, sino que ha recurrido a una acción separada conforme dispone la ley para proveer el procedimiento en casos de tercería, etc., tal y como fué enmendada en mayo 12, 1908.

En este estatuto es que se establece un procedimiento por separado para ventilar el derecho de un tercero por razón de un embargo e implícitamente excluye el derecho a una intervención en el pleito principal.   La razón de la ley es porque el tercerista, no teniendo interés en los méritos de dicha acción principal, o que en la misma sus derechos pudieran ser afectados, no había motivo para que dicho tercerista pueda considerarse como parte del mismo, pudiendo recurrir de modo independiente al procedimiento expresamente autorizado por la ley para ese fin.

"Aunque hay un gran número de autoridades que sostienen el criterio de que cuando el embargo está subordinado a la acción principal, un reclamante de propiedad embargada que no tiene interés alguno en la acción o cuyos derechos no serán afectados por su resolución, no tiene derecho a convertirse en parte en dicha acción o a intervenir en ella con el fin de alegar su título, pero debe acudir a los remedios de la ley común o a los substitutos del mismo en el estatuto, siendo la tendencia más general de la ley suministrar al reclamante un remedio más rápido por la usurpación de sus derechos permitiéndole que intervenga, o intervenir en la acción en la cual el embargo fué librado, o recurrir a los procedimientos para probar y determinar el título de la propiedad en disputa; * * *" 9 C. J. 373.

La sección 11 de la ley para proveer el procedimiento en casos de tercería, *supra,* prescribe:

"Sec. 11.—Tan pronto como recibiere el secretario de la corte el juramento y la fianza, se lo notificará a todas las partes, quienes deberán comparecer a los diez días de notificadas, y si transcurrido dicho término, comparecieran las partes, la corte dispondrá que se formule por escrito la cuestión, procediéndose a su vista como en las demás causas, y serán siempre partes en el asunto las que lo fuesen en el que haya originado la tercería.

"Se establecerá la cuestión mediante una breve exposición de la naturaleza del derecho del reclamante al pretender reclamar como suyos y excluir de la orden de embargo los bienes en controversia y de la autoridad y derecho del demandado o demandados en dicho procedimiento al pretender someter los mismos bienes a la orden de embargo." Leyes de 1908, pág. 49.

Tenemos, pues, un estatuto que ordena que la cuestión a que da lugar la tercería se formule por escrito y se procede entonces a su vista como en las demás causas, todo lo cual se dispone en tal forma por considerarse como una nueva acción que exige una investigación judicial independiente y separada de la acción principal, y por tanto la prueba que se practique en la acción principal y que se pretende que surta sus efectos en el incidente de tercería, tiene que repetirse en la vista de este último. En este sentido así lo entendió la corte inferior, la que además, si bien consideró ambos casos en una sola opinión, en la misma, no obstante, separa la argumentación y establece una separación de los casos.

Por las razones expuestas se anula el auto de *certiorari.*

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.