THE WHITNEY CENTRAL TRUST & SAVINGS BANK, TERCERISTA Y APELADA, *v.* NICOLÁS HERNÁNDEZ Y CA. ET AL., DEMANDADOS Y APELANTES LOS PRIMEROS.

No. 3338.—*Visto:* Diciembre 11, 1924. *Resuelto:* Enero 21, 1925.

TERCERÍA DE BIENES MUEBLES—TRANSCRIPCIÓN EN PLEITO DE TERCERÍA—PRUEBA QUE DEBE INCLUIRSE EN LA TRANSCRIPCIÓN.—El juicio de tercería es independiente del asunto principal y en aquél debe actuarse como en cualquier otro juicio. *Borinquen Trading Corporation* v. *Benítez Flores, et al.,* 32 D. P. R. 199.

GIRO CONTRA EL CONSIGNATARIO DESCONTADO POR UN TERCERO; DERECHOS DE ESTE —PROPIEDAD DE LAS MERCANCÍAS OBJETO DEL GIRO DESCONTADO.—Cuando el remitente gira contra el consignatario por el precio de la compra y el giro, con el conocimiento de embarque adherido, es endosado o traspasado a alguien que lo hace efectivo con un descuento, surge en el cesionario un derecho especial de propiedad sobre los artículos, sujeto, sin embargo, a desaparecer por virtud de la aceptación y pago del giro. En estas circunstancias los artículos aseguran el pago del giro y aquel que lo ha pagado tiene derecho a la posesión de los artículos hasta tanto el giro sea pagado en su totalidad.

SENTENCIA de *C. E. Foote,* J. (San Juan, Primer Distrito), declarando con lugar la demanda de tercería, con las costas. *Confirmada.*

*J. G. Torres,* abogado de los apelantes; *F. Ramírez de Arellano,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción de tercería sobre bienes muebles y las partes a iniciativa de uno de los demandados, sometieron el caso mediante las alegaciones a la corte inferior, la que en definitiva dictó un fallo declarando con lugar la demanda con costas.

En virtud de tal sumisión parece conveniente transcribir a continuación aquellas alegaciones que fuesen pertinentes para el mejor orden en la discusión del asunto.

Las alegaciones de la demanda dicen:

"En marzo 17 de 1920 W. K. Seago y Co. embarcaron por vapor 'Corozal' de la New York & Porto Rico Steamship Company, según conocimiento número 57, en el puerto de New Orleans, de Estados Unidos, 824 sacos de arroz para ser entregados a N. Hernández & Co. previo pago de un giro por el importe de dicho arroz y que se envió unido al conocimiento, a The Royal Bank of Canada, San Juan Branch.

"El importe de este arroz o sea la suma de $8,277.75 se consignó en el expresado giro, expedido por W. K. Seago & Co. a favor de The Whitney Central Trust & Savings Bank, Morgan State Branch, y a cargo de Nicolás Hernández & Co., en virtud de haber sido negociado tales giros a dicho Whitney Central Trust & Savings Bank, Morgan State Branch, el que abonó su importe a W. K. Seago & Co. después de deducir el descuento correspondiente.

"Este giro, como ya se ha dicho, fué enviado por The Whitney Central Trust & Savings Bank, Morgan State Branch, junto con el conocimiento de embarque a The Royal Bank of Canada, San Juan Branch, para su cobro, y en cuyas oficinas N. Hernández & Co. debía recoger el conocimiento, previo el pago del giro en cuestión. Llegado el arroz a San Juan, N. Hernández & Co. lo levantó del muelle, mediante una carta de garantía suscrita por el American Colonial Bank; pero no recogió el conocimiento ni el giro existentes en las oficinas del Royal Bank of Canada, San Juan Branch.

"Ignorándose el hecho de que N. Hernández & Co. habían recogido el arroz, en septiembre 7 de 1920, The Royal Bank of Canada San Juan Branch, por instrucciones de The Whitney Central Trust & Saving Bank, Morgan State Branch, entregó este conocimiento al Almonedero Público Isidoro D. Delgado, para que se hiciera cargo del arroz y lo vendiera en pública subasta por cuenta de The Whitney Central Trust & Savings Bank, Morgan State Branch.

"Dicho Almonedero al tratar de hacerse cargo de este arroz, encontró que éste había sido recogido en 1º de abril de 1920 por N. Hernández & Co. en la forma ya indicada, y en 25 de octubre de 1920 N. Hernández & Co. vendió dicho arroz al precio de $6.25 por saco y el producto de $5,150.00 fué entregado por N. Hernández & Co. al Sr. Delgado. Inmediatamente N. Hernández & Co. presentaron una demanda contra W. K. Seago y Co. y embargaron esta suma en poder de Isidoro D. Delgado.

"El giro ya mencionado por $8,277.75, representativo del importe de los 824 sacos de arroz, fué expedido directamente por W. K. Seago & Co. a favor de The Whitney Central Trust & Savings Bank, Morgan State Branch, y siendo este giro una propiedad exclusiva de dicho banco, naturalmente que lo era también el arroz representado por dicho giro.

"Al embargar N. Hernández & Co. el importe de dicho arroz como de la propiedad de W. K. Seago & Co., ha privado voluntaria e intencionalmente a The Whitney Central Trust & Savings Bank, Morgan State Branch, de un dinero que pertenecía a éste, y ésta es la razón de esta tercería que se hace de buena fe y no con la intención de perjudicar ni entorpecer la acción de los demandados."

En la contestación se alega:

"Que el dinero embargado a don Isidoro Delgado, almonedero público, procede de la venta de arroz remitido por los demandados W. K. Seago & Co. a sus agentes entonces en esta isla Nicolás Hernández y Ca., quienes recogieron el arroz y ordenaron su venta en pública subasta.

"Que al actuar de este modo, los agentes de dichos demandados estaban protegiendo los intereses de sus comitentes, y que la cuenta objeto de la demanda contra W. K. Seago es originada precisamente por la protección de dichos intereses y evitar mayores pérdidas a los comitentes.

"Que la demanda está dirigida contra W. K. Seago o sus liqui-

dadores que son los ahora terceristas, y no pueden éstos ostentar el carácter de demandados y terceristas a la vez.

"Que aún en el caso de que realmente los terceristas tuvieran algún derecho sobre el dinero embargado, al proteger los intereses de W. K. Seago, se protegían a la vez los del banco tercerista, y cualquier preferencia sobre el dinero producto del arroz debe declararse a favor de Nicolás Hernández y Ca. ya que ellos actuaron en beneficio de Seago y el banco tercerista y la cuenta procede de estos gastos de protección."

Posterior a la contestación, el mismo demandado presentó la excepción de falta de causa de acción, fundándola en los motivos siguientes:

"Fundan los comparecientes esta petición en que, estando demandados The Whitney Central Trust & Savings Bank, Morgan State Branch, juntamente con W. K Seago & Co., no pueden ostentar el carácter de terceros.

"Y si bien es cierto que esta corte dictó una resolución sobre una excepción previa de falta de jurisdicción sobre los demandados The Whitney Central Trust & Savings Bank, no se ha registrado aún ninguna sentencia; y mientras no haya una sentencia firme a su favor, no pueden ellos comparecer con el carácter de terceros.

"En apoyo de nuestra petición citamos los siguientes casos:

"La Compañía de los Ferrocarriles et al. vs. La Línea Férrea del Oeste, 8 D.P.R. 427; Castrillón y Ca. vs. Juez Municipal de San Juan, 27 D.P.R. 906; Schroder vs. Schmidt, 71 Cal. 399; y Coen vs. United Order of Honor, 76 Cal. 354."

El demandado-apelante Nicolás Hernández & Co., no obstante su estipulación para que se dictara sentencia sobre las anteriores alegaciones, presentó a la consideración de la corte inferior una exposición del caso en la que hace una relación de los hechos y de las cuestiones legales del pleito principal, teniendo por resultado que la corte inferior no aprobó dicha exposición del caso, sin que sea pertinente por nuestra parte que podamos considerar en esta apelación las razones que aduce la apelante en su alegato impugnando la resolución de la corte en tal sentido. La apelante, sin embargo, trata de justificarse alegando que si pidió que se dic-

tara sentencia sobre las alegaciones fué en la creencia de que, siendo la tercería un incidente, podría traer en apelación lo actuado en el caso principal, lo que no pudo hacer por la negativa de la corte. Sin embargo, ya hemos resuelto que el juicio de tercería es independiente del asunto principal y en aquél debe actuarse como en cualquier otro juicio. En el caso de *Borinquen Trading Corporation* v. *Corte de Distrito de San Juan,* sobre tercería de bienes muebles, resuelto por esta Corte Suprema en julio 12, 1923, se dijo:

"Siendo el procedimiento de tercería de mejor derecho una nueva acción que exige investigación judicial independiente y separada de la acción principal, la prueba que se practique en ésta y que se pretende que surta sus efectos en el incidente de tercería, tiene que repetirse en la vista de este último; por lo que, evidencia que se introdujo en la acción principal pero no en la de tercería, no puede ser incluída en la transcripción preparada para perfeccionar una apelación entablada contra la sentencia que declaró con lugar la tercería." 32 D.P.R. 199.

Pasando al estudio de las alegaciones, nos es bastante citar de la opinión del juez inferior aquellas conclusiones y citas legales que consideramos de aplicación a este caso y cuyo tenor literal es como sigue:

"Pasemos a considerar el derecho que pueda tener la tercerista The Whitney Central Trust & Saving Bank, Morgan State Branch, al producto de la venta del arroz depositado en poder del almonedero público. Esto nos parece que ha quedado claramente establecido, aceptadas como están las alegaciones hechas en la demanda de tercería. No hay duda de que la expedición a favor de The Whitney Central Trust & Savings Bank, Morgan State Branch, de un giro por el valor del arroz embargado por W. K. Seago & Co., transmitió a dicho banco todo el derecho que pudieran tener los vendedores sobre la mercancía mencionada.

"Véase 8 Corpus Juris, página 387, de donde copiamos:

" 'El traspaso de un documento o pagaré negociable lleva consigo todos los derechos y facultades provistos en el mismo documento o en las garantías colaterales que lo acompañan, y los demás derechos que surgen del traspaso del documento y relacionados con él etc.'

"Si a esto unimos el hecho de que dicho giro se unió al conocimiento de embarque (*bill of lading*) es más claro aún el derecho del tercerista.

"Véase 10 Corpus Juris pág. 202:

" 'Cuando el remitente gira sobre el consignatario por el precio ·de venta y el giro con el conocimiento que lo acompaña se endosa o traspasa a alguna persona que descuenta la letra, una propiedad especial en los efectos pasa al cesionario, sujeta, sin embargo, a quedar privada de ella por la aceptación y pago de la letra. Dentro de estas circunstancias los efectos quedan en prenda para el pago de la letra, y la persona que paga la letra tiene derecho a la posesión de los géneros hasta que dicha letra sea satisfecha enteramente.' "

Si no fuera porque la apelada no se ha mostrado estricta en atacar la forma en que debió presentarse el alegato del apelante, tal vez se hubiera podido llegar a la conclusión que dicho alegato no cumple con la regla 42 del Reglamento de esta Corte Suprema y la jurisprudencia aplicable. 29 D. P.R. 796.

El apelante después de una serie de consideraciones generales termina su alegato enumerando dos errores: I, falta de causa de acción en la demanda por aparecer el tercerista que no era un tercero en derecho, y II, el haber tomado en cuenta la corte inferior, como ciertas, las alegaciones del tercerista y no las del demandado.

Los dos errores se relacionan por tener el mismo fundamento. No tenemos dudas de la suficiencia de la demanda, pues la misma demandada admite en las razones que presenta para sostener la excepción previa, que en el asunto principal el tercerista fué excluído como demandado en el caso principal por resolución de la corte inferior, cayendo así por su base el argumento esencial de la apelante sosteniendo que la apelada por ser parte en dicho procedimiento no era un tercero en derecho sin acción para reclamar como tercerista.

La apelante insiste, sin embargo, que como no se había registrado aún ninguna sentencia en dicho caso principal y

no hay una sentencia firme a favor de la apelada, no pueden ellos comparecer con el carácter de terceros. Sin que tengamos que resolver el motivo de este razonamiento, es lo cierto que carece de toda fuerza en este caso porque falta la base para acreditarlo por no constar tal alegación en la demanda de tercería.

Por las razones expuestas la sentencia inferior *debe confirmarse.*