[Civ. No. 5347. First Appellate District, Division One.—July 22, 1925.]

## DOROTHY SCHROEDER et al., Petitioners, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] JUDGMENTS — APPOINTMENT OF RECEIVER — APPEAL — NUNC PRO TUNC AMENDMENT—JURISDICTION.—A trial court has no jurisdiction to amend *nunc pro tunc* a judgment appointing a receiver in a suit for dissolution of a partnership and accounting, by giving the plaintiff possession of the partnership property pending the accounting and until dissolution, with power to liquidate and dispose of the business under the direction of the court, where such amendment is made after an appeal has been taken and perfected from the judgment appointing the receiver, and the judgment attempted to be altered is not made through inadvertence.

[2] ID. — PARTNERSHIP — ORDER APPOINTING RECEIVER — APPEALS. — The judgment whereby the court appointed a receiver, "to take and hold possession of the partnership property pending the accounting and until the partnership business is wound up on dissolution, with power to liquidate and dispose of said business under the order and direction of the court and to render an accounting thereof, on giving a bond" in a specified amount, was a final appealable order.

[3] ID.—NOTICE OF APPEAL—JURISDICTION.—By the filing of the notice of appeal the trial court lost jurisdiction of the subject matter of the judgment (appointing the receiver) appealed from, in-

2. See 22 Cal. Jur. 476.
3. See 2 Cal. Jur. 415.

cluding all questions going to the validity or correctness of such judgment.

[4] ID.—CORRECTION TO MAKE JUDGMENT SPEAK THE TRUTH—JURISDICTION.—While courts have power at all times to allow amendments to judgments for the purpose of having the judgment as entered express that which was rendered, and this regardless of the fact that an appeal has been perfected, it is only where the correction is made so as to have the judgment speak the truth that the jurisdiction to make the correction is retained.

[5] ID.—RECITAL—EVIDENCE.—While the purported amendment recited that through inadvertence there was inserted in the record of the judgment a direction and order that a receiver be appointed, such recital cannot justify a review by the court of its own judicial act without a showing to justify it.

[6] ID.—NUNC PRO TUNC DECREES—OBJECT OF.—The object of entering judgments and decrees as of some previous date is to supply matters of evidence and to rectify clerical misprisions, but not to enable the court to correct judicial errors.

[7] ID.—IMPROPER JUDGMENT—CORRECTION OF.—If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper one, it has no power to remedy such errors by ordering a judgment *nunc pro tunc* of a proper or desired judgment.

(1) 3 C. J., p. 1260, n. 62.   (2) 3 C. J., p. 579, n. 76.   (3) 3 C. J., p. 1260, n. 63 New.   (4) 3 C. J., p. 1267, n. 13; 34 C. J., p. 228, n. 80.   (5) 3 C. J., p. 1267, n. 13.   (6) 34 C. J., p. 71, n. 38, p. 76, n. 70.   (7) 34 C. J., p. 77, n. 76.

PROCEEDING in Prohibition to prevent the enforcement of a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Writ granted.

The facts are stated in the opinion of the court.

Stanley R. Sterne, Richard J. Liebman and Frank M. Carr for Petitioners.

L. D. Manning and W. E. Harvent for Respondents.

TYLER, P. J.—Petition for writ of prohibition. It appears therefrom that on July 31, 1924, there was filed in the Superior Court in and for the county of Alameda a com-

4.  See 2 Cal. Jur. 420.
6.  See 14 Cal. Jur. 999.

plaint entitled *Harry Brown* v. *Dorothy Schroeder and Herman Christ, petitioners herein.* The action was one for the dissolution of a partnership and an accounting. On August 7th following both defendants filed their answer thereto. The cause came on regularly for trial before respondent Honorable James G. Quinn, as Judge of said Superior Court, and thereafter on the twenty-fifth day of February, 1925, the said court made and filed its findings of fact and judgment therein.

The findings, among other things, recited "that the appointment of a receiver is not necessary." Notwithstanding this finding the judgment recited that an accounting was necessary and it ordered "that John Meillette, be and he is hereby appointed a receiver, to take and hold possession of the partnership property pending the accounting and until the partnership business is wound up on dissolution, with power to liquidate and dispose of said business under the order and direction of the court and to render an accounting thereof, on giving a bond in the sum of $1,000.00."

Pursuant to these terms of the judgment Meillette, on the same day the judgment was rendered, gave and filed his bond and oath and was duly appointed receiver. He immediately demanded of the defendants possession of the property and his demand was refused. He thereupon prayed for an order of the court directing the defendants to deliver the same. The order was granted and they were directed to turn over the property to the receiver or show cause why they should not be punished for contempt in failing so to do.

On February 26, 1925, the day following, both defendants served and filed their notices of appeal from the judgment, and on February 28th following they likewise filed and served their notices of intention to move for a new trial. These motions were denied.

Thereafter and on March 4, 1925, the plaintiff Harry Brown filed a notice of motion to vacate the interlocutory judgment and enter a different judgment upon the ground that the interlocutory decree made and given was not consistent with or supported by the findings.

This motion came on for hearing and the defendants interposed the objection that the court was without jurisdiction to entertain the same by reason of the appeal.

The objection was overruled and the court heard and on April 25, 1925, granted the motion. An appeal was taken from this order. On May the 4th following there was filed an order correcting the judgment as entered, which order recited among other things that the interlocutory decree theretofore entered was not a correct memorial of the judgment and order rendered in so far as the appointment of the receiver was concerned, and it further recited that "plaintiff is entitled to the possession of the partnership property pending the accounting and until the partnership business is wound up on dissolution, with power to liquidate and dispose of the business, under the order and direction of the court and to render an accounting thereof . . . "

This judgment was ordered entered *nunc pro tunc* as of February 25, 1925.

Pursuant to this attempted amendment the court, on the thirteenth day of May following, issued a writ of possession directing the sheriff to "place the said plaintiff Harry Brown in quiet and peaceable possession of the premises said judgment describes," etc.

This writ was delivered to the sheriff for execution, whereupon the present proceeding was instituted.

[1] It is here claimed that in making and filing the orders of May 4, 1925, the said Judge of said Superior Court acted in excess of his jurisdiction and did not regularly pursue his authority in this: that at the time said orders and purported judgment, as amended, were made, an appeal had been taken and perfected in the supreme court, and all matters relating to said judgment had been removed from the jurisdiction of said Superior Court. That said order and judgment and each of them were further in excess of the court's jurisdiction in that no motion was ever made by the plaintiff upon the ground that such judgment was inadvertently made, nor was such judgment in fact inadvertently made—that upon the hearing of plaintiffs' motion no evidence whatsoever was introduced showing any inadvertence in the entry of the judgment, but, on the contrary, it appeared that the original judgment was not inadvertently made for the reason that after its rendition the court cited defendant Christ to show cause why he should not be punished for contempt in failing to admit the

receiver into possession as directed by that portion of the judgment attempted to be set aside.

We are of the opinion that petitioners are correct in their contention.

[2] The judgment of February 25, 1925, and from which defendants appealed was a final appealable order. (*Zappettini* v. *Buckles*, 167 Cal. 27 [138 Pac. 696].)

[3]' By the filing of the notice of appeal the trial court lost jurisdiction of the subject matter of the judgment appealed from, including all questions going to the validity or correctness of such judgment. (*Baker* v. *Slocum*, 49 Cal. App. 56 [192 Pac. 551].) [4] It is true courts have power at all times to allow amendments to judgments for the purpose of having the judgment as entered express that which was rendered, and this regardless of the fact that an appeal has been perfected, but it is only where the correction is made so as to have the judgment speak the truth that the jurisdiction to make the correction is retained. (*Jackson* v. *Dolan*, 58 Cal. App. 372 [208 Pac. 315].)

Here the judgment attempted to be altered was signed by the Judge and is the exact judgment ordered to be entered. [5] While the purported amendment recited that through inadvertence there was inserted in the record of the judgment a direction and order that a receiver be appointed, such recital cannot justify a review by the court of its own judicial act without a showing to justify it. (*Dolan* v. *Superior Court*, 47 Cal. App. 240 [190 Pac. 469].)

The record here shows conclusively that the judgment sought to be corrected was not made through inadvertence, but was the exact judgment rendered. The receiver was expressly appointed by the court and his bond approved. He entered upon his duties and the court through contempt proceedings sought to have defendants turn over the property in litigation to him. The motion of the plaintiff to have the judgment corrected upon grounds specified in sections 663 and 663a, Code of Civil Procedure, after the appeal was taken, came too late.

Pending the appeal the Superior Court had lost all power to amend or correct its judgment except to make it speak the truth. (*Vosburg* v. *Vosburg*, 137 Cal. 493, 496 [70 Pac. 473]; *Parkside Realty Co.* v. *MacDonald*, 167 Cal. 342 [139 Pac. 805]; *Takekawa* v. *Hole*, 170 Cal. 323 [149 Pac.

593].) Nor does the fact that the amendment was ordered to be entered *nunc pro tunc* as of February 25, 1925, alter the situation.

[6] The object of entering judgments and decrees as of some previous date is to supply matters of evidence and to rectify clerical misprisions, but not to enable the court to correct judicial errors.

[7] If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper one, it has no power to remedy such errors by ordering a judgment *nunc pro tunc* of a proper or desired judgment. (*Estate of Potter,* 141 Cal. 426 [75 Pac. 850].)

The amendment here attempted to be made is one governed by the limitation and prohibition of this principle. It was an entirely different judgment, both in form and effect, to the one originally entered and it can in no manner be viewed as a correction.

For the reasons given, it is ordered and adjudged that the writ issue prohibiting said Superior Court and the Judge thereof, as prayed for in the petition.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 21, 1925.