[Civ. No. 6043. First Appellate District, Division One.—December 31, 1927.]

HARRY BROWN, Respondent, v. DOROTHY SCHROEDER et al., Appellants.

Stanley R. Sterne, Richard Liebman and Frank M. Carr for Appellants.

L. D. Manning and W. E. Harvent for Respondent.

PARKER, J., *pro tem.*—Defendants, in separate appearance, appeal from judgment in favor of plaintiff, decreeing a dissolution of partnership and ordering an accounting and appointing a receiver to wind up the affairs of an alleged copartnership. A brief summary of the pleadings and the facts, as the case is before this court, will be necessary at the outset.

Plaintiff alleged in his complaint that at a time, fixed therein as December 20, 1923, he was the owner of a certain interest in the furniture and equipment of an apartment house known as and called Lotus Apartments in Oakland, together with a leasehold interest and estate in and to the said premises; that on said date plaintiff sold and conveyed to defendant Dorothy Schroeder all of his title and interest in and to said furniture and the lease for a valuable consideration, which plaintiff received in full.

That at the same time and as a part of the same transaction the said Dorothy Schroeder executed and delivered to plaintiff a bill of sale, transferring to said plaintiff a one-half interest in the said furniture, furnishings, and leasehold interest. That as a further part of said transaction and on the same date plaintiff Harry Brown and defendant Dorothy Schroeder entered into a partnership agreement for the purpose of operating the apartment house, agreeing to bear equally the expenses thereof and dividing equally between them the profits. This agreement provided that in the event a *bona fide* offer to purchase the lease, furniture, and goodwill of said copartnership business is made by any person the partner not desiring to sell must buy from the party desiring the sale his one-half interest for one-half the purchase price offered by the intending buyer. The partnership agreement further provides that in case legal action is brought for the breach of the said agreement then the party guilty of such breach shall pay to the other upon demand an attorney's fee of $250 for prosecuting said action, and that said sum is a reasonable sum for said fee, and that the same shall be a part of the expense in said action.

The complaint further alleges that on March 18, 1924, the said plaintiff Harry Brown and defendant Dorothy Schroeder entered into another agreement supplemental to the said agreement of partnership, by the terms of which agreement of March 18, 1924, all accounts of said partnership business were mutually settled and adjusted between plaintiff Brown and defendant Schroeder. In this last agreement, amongst other things, it was provided that if defendant Dorothy Schroeder shall fail to account to plaintiff Harry Brown on the fifteenth day of every month, or shall fail to fully perform and observe each and every provision of this agreement, and also of the agreement of December 20, 1923, the plaintiff Harry Brown shall be entitled to an immediate dissolution of the partnership existing and to the immediate appointment of a receiver to take full charge of said business and full possession of the premises and all the assets of said business.

Plaintiff then alleges a failure of defendant Schroeder to account and an exclusion of plaintiff from the premises.

Plaintiff next alleges that on or about. April 11, 1924, defendant Schroeder executed a document purporting to sell to defendant Herman Crist all of her right, title, and interest in and to the lease and other personal property, and delivered said document to defendant Crist, and that defendant Crist claims an interest in and to the said lease and personal property by virtue of the bill of sale, but that defendant Crist has never been in possession thereof. That said attempted sale was without knowledge of plaintiff, and that he, plaintiff, was never informed of the desire of Schroeder to sell nor of the offer of Crist to buy. Plaintiff alleges this purported transfer to defendant Crist was made without consideration and with full knowledge of plaintiff's interest.

The defendants Dorothy Schroeder and Herman Crist appeared separately.

The answer of defendant Dorothy Schroeder denied that on December 20, 1923, or at any time prior thereto or at any time or at all plaintiff had any interest in the apartment house in question. The said defendant Dorothy Schroeder in her answer sets up the history of her relationship with plaintiff Harry Brown commencing in April, 1922. She avers that at that time she had consented that Brown act for her in the purchase of the furniture, furnishings, and lease of the apartment house in question; that very shortly thereafter Brown reported to her that he had purchased the place for her, and she went into possession after paying Brown the sum of $4,500, and that she entered the premises in her own right, and that plaintiff Brown at that time never claimed any interest therein; that upon her persistent demands for a bill of sale or other document evidencing her title the plaintiff Brown informed her that he had paid $9,000 for the lease and the furnishings, and that she, Schroeder, was the owner of only a one-half interest. The answer of this defendant then alleges that she learned that plaintiff Brown had paid $5,500 instead of $9,000, and that she thereupon paid to him and he did accept the sum of $1,000 additional to cover his payment in excess of the $4,500 already paid him by this defendant. Defendant Schroeder further alleges that thereafter, to wit, in October, 1923, Brown commenced an action in the superior court

of Alameda County against her, wherein he sought a judgment declaring him a partner with her, and also the appointment of a receiver, and that said action was dismissed at request of said Brown on March 18, 1924.

Defendant Schroeder admits that on December 20, 1920, Brown executed and delivered to her the bill of sale pleaded in the complaint. She denies, however, the execution by her of the bill of sale to Brown for a one-half interest, or the execution by her of the agreement of partnership or the agreement pleaded as supplemental thereto. In this connection she avers her ignorance of English, written or spoken, and her total unfamiliarity with business proceedings. She alleges that these last-mentioned agreements were represented to her as being connected wholly with the suit pending wherein a receiver had been appointed, and were in effect mere formalities having for their purpose the dismissal of the suit and withdrawal of receiver. That at no time were the contents of either agreement explained to her, and she had no opportunity for independent advice or counsel. That the procurement of her signature to the said instruments was fraudulent. That the alleged bill of sale or transfer, purporting to convey from her to Brown a one-half interest in the property and lease, was never executed by her in any manner or at all. She admits the sale of the premises to defendant Herman Crist, and alleges the same to have been in good faith and for a cash consideration of $4,500 and accompanied by delivery, and pleads the recordation of her bill of sale from Brown prior to sale to Crist. She further alleges that an action commenced against her by Brown was on the identical cause of action here pleaded, and that the judgment of dismissal therein entered at the request of plaintiff Brown and by consent of defendants, with stipulation that each party pay his own costs, was a judgment on the merits and a bar to the maintenance of the present action.

Defendant Herman Crist in his answer denies that plaintiff was ever the owner of the apartment furnishings and lease; denies on information and belief the allegations of plaintiff concerning plaintiff's dealings with defendant Schroeder, and alleges that the transfer from Dorothy Schroeder to Crist was *bona fide* and for a valuable consider-

ation and without notice of any claims of plaintiff. He alleges the recordation of the bill of sale from plaintiff to Dorothy Schroeder and the issuance of the municipal license to Schroeder, and the further fact that nothing appeared of record any place to give constructive notice of the claim of plaintiff, and alleges plaintiff's negligence in permitting the defendant Schroeder to be clothed with apparent ownership, and that plaintiff Brown has intentionally concealed his interest in the premises for the purpose of deceiving and defrauding his creditors and innocent purchasers.

For a further answer the defendant sets up the judgment referred to by defendant Schroeder, and pleads the same as a bar to the present action.

A trial was had by the court and evidence offered and submitted. The court made and entered its findings of fact and conclusions of law in favor of plaintiff and against the defendants.

Each of the defendants named has appealed, and each presents the appeal upon a separate bill of exceptions. By a separate bill of exceptions it is meant, however, that defendant Crist presents his bill of exceptions fully engrossed, and the bill of exceptions of defendant Schroeder, while purporting to be a separate bill, adopts in great part the transcript of her co-defendant. In passing it may be said that this is a rather unorderly method of presentation and one fraught with much uncertainty.

It may be here noted that respondent contends that the order appealed from is not an appealable order in that it is not a final judgment. We deem it needless to give further notice to this contention for the reason that this court has heretofore passed upon that specific point with reference to this identical order. (See *Schroeder* v. *Superior Court,* 73 Cal. App. 687 [239 Pac. 65].)

The appellant Dorothy Schroeder bases her appeal upon two main grounds, namely, (1) the court failed to find on the defenses of fraud specifically and specially pleaded and raised; (2) the judgment rendered upon the findings is erroneous upon its face.

As to the first ground, failure to find on fraud allegations, the court did find specifically that the allegations of the complaint were true excepting that there was an

express failure to find on the amount of profit derived from the venture, but found that an accounting will be necessary between the parties and that the appointment of a receiver was not necessary.

The court specifically found that in May, 1922, the defendant Dorothy Schroeder entered into an agreement to purchase from plaintiff Brown a one-half interest in the furniture, furnishings, and lease, and that on June 6, 1922, she paid the balance of the agreed purchase price and entered into a partnership agreement, and further specifically finds that the lease on the property was on April 26, 1922, assigned to plaintiff Brown, and that he, Brown, on June 6, 1922, assigned one-half interest to Dorothy Schroeder.

The issue tendered by defendant Schroeder was that in April Brown was to act merely as her agent and purchase for her alone the premises here under discussion. This is the first allegation of fraud, namely, Brown represented to her that he was buying the property solely for her and he was to have no interest therein. We think the finding of the court as noted sufficiently covers this issue.

The defendant Schroeder bases her claim of fraud particularly upon the fact that throughout the entire transaction there was never any agreement or understanding save that she was to be the sole purchaser, and she makes unequivocal denial that she ever made any bill of sale to plaintiff Brown of a half interest in the furniture and lease.

The court finds that she did execute and deliver to plaintiff the said bill of sale.

The defendant Schroeder, after denying the execution of the bill of sale, does admit her signing the partnership agreement and the subsequent agreement affirming the same and settling the partnership accounts up to March, 1924. But she alleges that she was induced to sign these instruments through the fraud of plaintiff in that he represented to her that these instruments were of an entirely different nature, and that she, relying upon these representations, was misled to her injury.

The court finds that these instruments were executed by defendant at the time and in the manner as set forth in the complaint, and that at the time of the execution of the last

agreement the defendant Dorothy Schroeder paid plaintiff $250 in settlement of their accounts to that date.

It can readily be seen that all of the allegations of fraud and deceit interposed by way of defense by defendant Dorothy Schroeder are predicated upon the first ground of her defense, namely, that the entire transaction with Brown was in his capacity as broker, and that she was to have the full title, and that she never executed any bill of sale to him. The essence of the subsequent fraud would be not that he as a half owner persuaded her to sign a partnership agreement thinking it was something else, but that he, with no title or claim at all, thus imposed upon her. As to this the court did make express findings.

The court further found that plaintiff Brown sold and conveyed the property in question to defendant Schroeder for a valuable consideration, which plaintiff received in full from said defendant.

The court further found that the plaintiff executed and delivered to defendant Schroeder during the pendency of the former suit a bill of sale for the entire property, *and that as a part of that transaction* Dorothy Schroeder executed her bill of sale for the one-half interest to plaintiff, and that both parties executed the partnership agreement.

We deem these findings sufficiently responsive to the issues of fraud that were tendered. It can readily be inferred therefrom that the court thereby found that the true transaction was as found, and that the defendant Schroeder was not executing other instruments. Also there is a general finding by the court that the allegations of the answer of Dorothy Schroeder except as noted are untrue.

In support of our conclusion on the sufficiency of the findings, we call attention to the following principles of law governing in respect thereto:

█ It is not always necessary to make a specific finding as to each of several material issues where the findings taken as a whole, or construed together, clearly show that they include the court's conclusion upon all the material issues. (*Rossi* v. *Beaulieu Vineyard,* 20 Cal. App. 770 [130 Pac. 201].)

█ If in any case there be one clear, sustained, and sufficient finding upon which the judgment may rest, every pre-

sumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded. (*American National Bank* v. *Donnellan,* 170 Cal. 15 [Ann. Cas. 1917C, 744, 148 Pac. 188]; *Thayer* v. *Thayer,* 169 Cal. 671 [147 Pac. 979].)

In the case of *Berry* v. *Crowell,* 55 Cal. App. 537 [203 Pac. 836], it is said: "Under the general finding of the court all facts alleged in the answer not specifically referred to in those findings are determined to be true. This general finding is sufficient to embrace that allegation in the answer setting forth from the side of the defendant just what representations were made and all of them. If sufficient can be gathered from the whole of the findings of the court that material issues are fairly determined, the finding will support the judgment. It was not necessary that the facts as found should be in any particular form or follow the pleadings. If the truth or falsity of each material allegation in issue can be demonstrated from the findings, the law is complied with."

From the facts found and from the judgment ordered it is evident, in the light of the entire record, that if more complete findings had been made they would have been adverse to the contentions of appellant. If that be so, the failure to find further is not ground for reversal of the judgment (*Krasky* v. *Wolpert,* 134 Cal. 338 [66 Pac. 309]).

We are entitled to draw necessary inferences from the findings in order to support a judgment. (*Hulen* v. *Stuart,* 191 Cal. 571 [217 Pac. 750].)

In *Millard* v. *Legion of Honor,* 81 Cal. 342 [22 Pac. 864], Justice McFarland, in referring to the necessity of findings and the code provision governing, uses this language: "One main object of the provision seems to have been to prevent a court from summarily ordering judgment without giving any reason for it—without stating any facts or legal conclusion upon which it is based. There was also, no doubt, some intent to facilitate the review of a judgment on appeal. But surely the main object was not to afford a cover under which a losing party might successfully set a trap to upset a just judgment. The findings come after

a case has been tried, considered and determined, and after the character of the judgment—right or wrong—has been fixed. They are merely incidental to the main thing—the judgment; and to test their sufficiency by a standard which exacts the extreme of accurate statement and minute detail is to put the incident in place of the principal."

The words of the learned justice are most fitting at this time. By the recent constitutional amendment, section 4¾, article VI, constitution of California, and the legislation following said amendment, section 956a of the Code of Civil Procedure [Stats. 1927, p. 583], this state has adopted these views as a matter of governmental policy. ██ Whatever may be the practical effect of the amendment to the constitution or the legislature following it, it is obvious that the general effect intended was as expressed in the code section, namely, that wherever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interests of justice require a new trial. This new section to the constitution follows section 4½, article VI, and no doubt should be read in connection therewith, the two constituting a striking example of the evolution of the organic law to keep pace with modern ideals.

The second ground upon which defendant Schroeder bases her appeal, namely, that the judgment rendered upon the findings is erroneous upon its face, embraces practically the same contentions urged by her co-defendant Crist on his appeal. Therefore we will pass this ground and discuss it with the claims of Crist.

### Appeal of Defendant Herman Crist.

This defendant bases his appeal upon the following grounds:

██ 1. The trial court abused its discretion in granting plaintiff's motion to reopen said cause.

It appears that after the cause had been submitted and after the court had announced its decision, and a minute order directing judgment for plaintiff had been entered, the plaintiff, on motion, was permitted to reopen the case to present further testimony. From the record before us it does not appear that the plaintiff offered any testimony after the case was reopened, but the appellant rests his con-

tention that the order permitting the reopening was improper upon and cites the affidavits filed by plaintiff on his motion as being insufficient, and claims therefore that the order setting aside the submission was erroneous. In other words, appellant does not complain because the cause was reopened, but that the order of submission was set aside. As indicated, all the record discloses is that the cause was reopened. There is nothing to show what testimony was taken or proceedings had, if any, after the reopening. No harmful result is shown nor do any facts appear from which an inference of injury may be drawn. Appellant cites a number of cases having to do with the question of newly discovered evidence as the basis of an order granting a new trial. Obviously these cases have little, if any, application here. We find no affirmative error or abuse of discretion in the trial court's action in permitting further testimony.

2. Appellant Crist complains that the lower court failed to find upon material issues, and upon other material issues made findings wholly inadequate as a matter of law. Defendant Crist had alleged in his answer that his purchase from Schroeder was in good faith and for a valuable consideration; that he had made search of all public records and found the title vested in Dorothy Schroeder, and the municipal license issued to her alone; that plaintiff Brown had allowed her to remain in full and exclusive possession of the premises and had clothed her with all *indicia* of ownership, and that Crist relied on these records and the apparent ownership, and purchased. He further alleged that Brown fraudulently concealed his interest, if any he had, for the purpose of defrauding creditors and innocent purchasers. With these allegations Crist further pleaded an estoppel as against Brown, shutting off the right of Brown to assert any claim as against him, Crist, the innocent purchaser for value.

The court found specifically as follows: That Herman Crist, when he purchased from Dorothy Schroeder, had knowledge that plaintiff claimed an interest in the premises, and had further knowledge of the prior suit between the partners; that Herman Crist occupied an apartment as tenant for about eighteen months prior to his purchase from Schroeder, and had conversed with witnesses as to the

interest of plaintiff in the premises; that Herman Crist before purchasing had sought an assignment of the lease to himself from the owner of the building and had failed to obtain the same, and since his purchase has taken receipts for the rent in the name of plaintiff. Further, the court specifically found that Crist had knowledge that plaintiff had been excluded from the premises before he purchased. The court, going further, found that there was no negligence or fraudulent intent upon the part of plaintiff in permitting Dorothy Schroeder to be in charge of the apartments on or prior to the date of the purchase by Crist, and that such charge was pursuant to the partnership agreement.

Tested by the authorities hereinbefore cited, we deem these findings amply responsive to the issues tendered. There was not a word of testimony offered or any evidence adduced as to any privity between plaintiff and defendant Crist, or as to any representations or statements made by plaintiff to Crist. ▆▆ Defendant Crist offered some testimony to show the indebtedness existing between Brown and other creditors, seeking thereby to create an inference that the failure to record and the continued possession of Schroeder were intended to defraud the other creditors. Fraud will not be presumed from a mere showing of indebtedness, particularly where, as here, the record is silent as to the ability to pay from other assets.

The court has specifically found Crist to have been a purchaser with full notice, and thus his status is determined. In whatever way the general conduct of Brown might have been intended to defraud or mislead creditors in general, it is obvious that it did not mislead Crist.

The judgment of the court in nowise affected the purchase of Crist in as far as the interests of Schroeder were concerned. The said judgment gave Crist what he had purchased, namely, the interest of Schroeder, subject to the claims of which Crist had knowledge when he bought.

Defendant Herman Crist further specifies that the court erroneously found that he, Crist, takes the interest of defendant Schroeder and holds the same in trust for plaintiff. The theory of appellant Crist arises from the fact that in plaintiff's complaint, paragraph 7, appears this allega-

tion: "That any claim or interest of defendant Herman Crist is subject to the interest of plaintiff herein, and any conveyance of any interest of defendant Dorothy Schroeder to Herman Crist devolved in trust for the benefit of plaintiff."

 The said paragraph 7 contained seven different subparagraphs on different topics, being the concluding paragraph of the complaint. The court found generally thereon as follows: "And it is found that the allegations of paragraphs 6 and 7 are true, except that the appointment of a receiver is not necessary." Appellant Crist contends that the effect of this finding leaves him with nothing; that whatever otherwise might be his by reason of his purchase from Schroeder he holds in trust for plaintiff.

In the first place the allegation is a mere conclusion of law; and if it could be held that the court specifically found as a fact that this was the law, it would not have the effect feared by appellant. The trust alleged was in connection with the other allegations; and the conclusion of law which the court reached was to the effect that defendant Crist took the interest of defendant Schroeder subject only to the partnership accounting and the one-half interest of plaintiff. The conclusion of the court and its judgment held that the transfer to Crist was complete as far as defendant Schroeder was concerned, and that by virtue thereof Crist, with reference to the rights of plaintiff, stood in the same position as his vendor stood as far as the rights to the property involved were determined.

The findings as a whole negative the claim of appellant Crist. In any event, as noted, the allegation found to be true is purely one of law, and the general finding thereon is a finding, as far as the allegation is concerned, of an immaterial matter.

We deem it unnecessary to review in detail all of the findings. It is clear that the result works no harm to appellant Crist for the reason that the court makes further and specific findings on his rights in the premises, and neither directs nor decrees any trust to be imposed upon his ownership, but specifically awards him everything to him transferred, subject only to the partnership rights of

plaintiff, concerning which the court found he had full knowledge.

Another contention urged by both appellants is that a former judgment in an action between the same parties was and is a judgment on the merits and bars the instant action.

The present action was commenced on July 31, 1924. It appears from the record that on April 17, 1924, this plaintiff Harry Brown commenced an action against the defendants Dorothy Schroeder and Herman Crist in the superior court of Alameda County. The cause of action therein set up was identical with the present cause, and the issue tendered by the defendants was identical. After answer was filed this former case came on for trial on July 30, 1924. On that date the record discloses the following entry in the minutes of the court: "No. 77468. *Brown* v. *Schroeder et al.* On motion of counsel for plaintiff, in open court, by consent of defendants' counsel, it is ordered that the above entitled action be, and the same is, hereby dismissed without prejudice; and it is further ordered that, pursuant to stipulation of said counsel, each side pay its own costs."

The record before us here contains the pleadings in the former case and this minute order. No judgment-roll is offered and no record of any judgment ever having been entered. The main case relied upon by appellants is *Merritt* v. *Campbell*, 47 Cal. 546. While later authorities are cited, they are based directly upon the Merritt case. In that case the court bases its conclusion mainly upon the principle that in practice it has generally, if not universally, been considered to be the intention of parties, in agreeing to dismiss an action, to thereby put an end to the controversy. However, the court specifically limits the effect of the decision by declaring it to hold "only that a judgment of dismissal, when based upon and entered in pursuance of the agreement of the parties, must be understood, *in the absence of anything to the contrary expressed in the agreement and contained in the judgment itself,* to amount to such an adjustment of the merits of the controversy by the parties themselves, through the judgment of the court, as will constitute a defense to another action afterward brought upon the same cause of action." ▮ In the instant case

we have no judgment-roll showing the entry of any judgment; nothing save the minute entry of the court's order of dismissal without prejudice. The dismissal "without prejudice" was surely not a judgment on the merits, nor was it an open and voluntary renunciation of a suit pending, which would be held to operate as a retraxit.

Courts are not inclined to extend the doctrine of retraxit. When there has been no adjudication of the case upon its merits it will only be in exceptional cases that this court will hold that a judgment of dismissal is the equivalent of *res judicata* upon the facts (*Pyle* v. *Piercy*, 122 Cal. 383 [55 Pac. 141]). It would be destructive of substantial justice if counsel were permitted to stipulate to a dismissal of a cause, expressly without prejudice, and then be permitted to urge a judgment upon the merits, basing the contention only upon the dismissal pursuant to the stipulation. The term "without prejudice" is almost self-explanatory. In "Words and Phrases," both editions, will be found many references to cases wherein the effect of this term has been declared. In almost all of the illustrations given the words have been used in connection with dismissals. The purpose and effect of the words "without prejudice" in a decree dismissing a bill is to prevent the defendants from availing themselves of the defense of *res adjudicata* in any subsequent proceeding by the same plaintiffs on the same subject matter. This is the doctrine of Story's Equity Pleading, sec. 793; *O'Keefe* v. *Real Estate Co.*, 87 Md. 196 [39 Atl. 428]; *Taylor* v. *Slater*, 21 R. I. 104 [41 Atl. 1001]. The California cases contain nothing on the subject as applicable to a case where both parties stipulate and consent to a dismissal "without prejudice." However, the leading case, *Merritt* v. *Campbell, supra*, restricts the operation of the decision to cases, where a judgment of dismissal is entered in pursuance of the agreement of the parties, in which "there is an absence of anything to the contrary expressed in the agreement and contained in the judgment itself."

We hold that the words "without prejudice" in the case at bar is a direct expression negativing the intent or conclusion that the dismissal should prevail as a judgment on

the merits and saves the dismissal from the operation of the rule of the Merritt case.

Incidental to this discussion we cite the case of *McCallum* v. *Stull,* 59 Cal. App. 572 [211 Pac. 466], wherein the court says: "It is patent that the appellant was contending in the trial court that the first action was dismissed and that therefore there was no judgment to ·be foreclosed. If such was the contention of the appellant then he should have produced a judgment roll showing that a judgment of dismissal was entered and that such judgment was within the jurisdiction of the court entering it."

Finally, both appellants here meet upon another common ground. Adopting, for this contention, the findings of fact and conclusions of law as entered in the court below, they contend that the judgment rendered and entered therein is erroneous upon its face, and not determinative of the rights of the parties to the action.

Conceding that appellants are to some extent correct in their conclusions, nevertheless we see no necessity for a retrial of the cause.

The interlocutory judgment by its terms orders, adjudges and decrees as follows: "That the partnership theretofore existing between Harry Brown and Dorothy Schroeder ought to be and is hereby dissolved as of date April 11, 1924, and that an accounting of the business of the said partnership is necessary between plaintiff and Dorothy Schroeder of all of the lease, business, goodwill and other equipment of Lotus Apartments, together with the leasehold interest and estate in and to said premises;

"And it is ordered that John Meillitte be and he is hereby appointed receiver to take and hold possession of the partnership property pending the accounting and until the partnership business is wound up on dissolution, with power to liquidate and dispose of said business under the order and direction of the court, with bond in the sum of $1,000.

"Plaintiff shall have judgment against Dorothy Schroeder for counsel fees fixed at $250.00.

"Further ordered, adjudged and decreed that defendant Herman Crist is entitled to all of the right, title and interest of Dorothy Schroeder on such accounting, to-wit, to the

proceeds of a one-half interest in said partnership business, good will and property."

Appellants contend that the findings of fact and conclusions of law do not authorize or support such a judgment. It is pointed out that the findings of fact declare the appointment of a receiver is not necessary, and the conclusions of law determine that plaintiff is entitled to the possession of the partnership property pending an accounting and until the partnership business is wound up on dissolution. Further, appellants contend that the judgment is indefinite and meaningless with reference to the accounting in as far as the judgment merely provides that an accounting is necessary and makes no provision for the taking of an account or the manner in which or by whom the account is to be taken. Lastly, they contend that in an action between partners no present judgment for money due should be rendered until after completion of account taken, and that therefore the judgment is erroneous in that the court decrees that plaintiff shall have judgment against defendant Dorothy Schroeder for the sum of $250 for counsel fees.

Plaintiff in the court below conceded the judgment to be unsupported as to the appointment of a receiver, and moved the court below to amend the judgment in that particular. The court below accordingly attempted to correct the judgment in this regard. However, this court on a writ of prohibition forbade the trial court from further proceeding and from in any manner amending the provisions of the judgment in view of the fact that an appeal had been taken. The action of this court and the reasons therefor are fully set forth in *Schroeder* v. *Superior Court,* 73 Cal. App. 687 [239 Pac. 65].

Appellants urge the accounting might disclose a balance due defendant Schroeder far in excess of this amount. In the agreement between the parties it was stipulated that in case legal action is brought for breach of contract the party guilty of such breach shall pay to the other upon demand, an attorney's fee of $250 for prosecuting such action, and stipulating the said amount to be a reasonable sum, and agreeing that it shall be a part of the expense of said action. The court found that defendant

Schroeder was guilty of the breach, and made the award objected to in pursuance of the terms of the agreement.

In the present case we have a complete determination of the issues and proper conclusions of law drawn therefrom. As far as the facts of the controversy may be affected we find no error up to this point. Therefore we feel it would be and is unnecessary to order a re-examination into the facts. Taking the facts as found and the conclusions of law drawn therefrom by the trial court, the respondent plaintiff is entitled to a decree ' dissolving the partnership as of April 11, 1924, and that an accounting should be had. The findings of fact and conclusions of law do not authorize the appointment of any receiver, but provide that plaintiff shall remain in possession of the property for purposes of liquidation and until the partnership business is wound up on dissolution.

Therefore, the judgment appealed from is reversed to the extent noted, and the court below, without further trial, is directed to enter judgment as indicated herein, namely, dissolving the partnership as of the date set forth, and directing and ordering an account to be taken between plaintiff Harry Brown and defendant Dorothy Schroeder, and providing that during the pendency of said accounting and the winding up of the affairs of the partnership the plaintiff have possession of the partnership property, without the intervention of a receiver. And also the judgment shall decree the defendant Herman Crist entitled to all the right, title, and interest of Dorothy Schroeder on such accounting, to wit, the proceeds of a one-half interest in the partnership business, goodwill and property; each party to bear his own costs of appeal.

Knight, Acting P. J., and Cashin, J., concurred.