GUILHON & BARTHELEMY, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1573.   Argued November 17, 1944.—Decided December 14, 1944.

---

*E. Martínez Rivera* for petitioner.   *José López Baralt* for intervener, plaintiff in the main action.

Mr. Justice Snyder delivered the opinion of the court.

The present proceeding is an aftermath of our judgment in *Balasquide* v. *Guilhon & Barthelemy,* 60 P.R.R. 334. When our mandate affirming the judgment for the defendant reached the district court, the defendant moved that the plaintiff consign for the benefit of the defendant certain sums of money pursuant to a stipulation of the parties entered into in connection with an attachment originally obtained by the plaintiff. The lower court heard this motion and entered an order on October 15, 1943 directing the plaintiff and his surety to pay into court $731.55 as the value of the machinery involved, and $400 for attorney's fees.

On October 21, 1943, the defendant moved for reconsideration of the said order on the ground that the district court had erred (1) in fixing the value of the machinery at a figure lower than its true value; (2) in deducting $507 from the said value for the alleged reason that the said sum had already been paid to the defendant on account;[1] and (3) in

---

[1] The defendant contended in its motion for reconsideration that the stipulation specifically provided for payment of the full value thereof despite the previous payment of the said $507.

setting attorney's fees at $400.[2] On October 21, 1943 the plaintiff and his surety appealed from the order of October 15.

The lower court conducted a hearing on the motion for reconsideration on March 13, 1944. Thereafter, we decided *Molina* v. *Rodríguez*, 63 P.R.R. 458. Relying on that case, the district court entered an order on July 13, 1944 denying the motion for reconsideration on the ground that it had been deprived of jurisdiction to pass on the motion filed by the defendant by virtue of the subsequent appeal of the plaintiff. We granted the petition for certiorari filed by the defendant to determine this question of jurisdiction.

In *Molina* v. *Rodríguez* we reversed our previous cases which had held that a district court could consider a pending motion to open a default judgment even after appeal therefrom had been taken to this court. We held, following cases from California, from which § 297 of our Code of Civil Procedure was copied, that since that Section was absolute in its terms,[3] the lower court had lost jurisdiction to pass on the said motion by virtue of the appeal.

As we pointed out in the *Molina* case, the cases both here and in California hold that the lower court has the power to rule on a motion for new trial under these circumstances.[4] Those cases are predicated on the theory that such a motion is an independent and collateral, not a direct, attack on the judgment (see *Hatfield* v. *Levy Bros.*, 17 P.(2d) 841, 846 (Calif., 1941); 2 Calif. Jur. §§ 180–1, pp. 418–20).

---

[2] The defendant argued on reconsideration that under the stipulation the plaintiff had agreed, in the event the defendant finally prevailed, to pay the defendant the fees the latter was required to pay its attorney; that the defendant had been required to pay $1,000 in fees; and that the district court therefore had no discretion to decrease that amount to $400.

[3] Section 297, Code of Civil Procedure, 1933 ed., provides that "Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from."

[4] Sections 220–6, Code of Civil Procedure, 1933 ed., regulate the procedure for the filing of motions for new trial in this jurisdiction.

But, as we indicated in the *Molina* case, the California cases have always held that the district court loses jurisdiction to amend or vacate a judgment once appeal is taken therefrom.[5]

The instant case is clearly covered by our reasoning in *Molina* v. *Rodríguez*. Indeed, the petitioner makes no contention to the contrary. It concedes that our cases prior to 1937—such as *González* v. *Schluter*, 53 P.R.R. 380, and cases cited therein—in which we held that a district court could pass on a motion for reconsideration despite appeal from the judgment in question were, in view of the provisions of § 297, mistakenly decided. The petitioner asserts, however, that Act No. 67, Laws of Puerto Rico, 1937, amending § 292 of the Code of Civil Procedure, has changed that situation; and that, when read in harmony with § 297, Act No. 67 now vests the district courts with the authority and duty to pass on a pending motion for reconsideration despite the subsequent filing of an appeal. His contention briefly is that Act No. 67 confers an absolute right to consideration by the lower court of a timely motion for reconsideration without reference to subsequent appeal by either the moving or opposing party.

We begin by pointing out that in order to agree with the

---

[5] *In re Shafter-Wasco Irr. Dist.*, 130 P.(2d) 755 (Calif., 1942); *Linstead* v. *Supreme Court in and for Mendocino County*, 61 P.(2d) 355 (Calif., 1936); *Schroeder* v. *Superior Court*, 239 Pac. 65 (Calif., 1914); 2 Calif. Jur. 419; 1 Calif. Jur., Ten Year Supplement, 1926–36, p. 348 *et seq.* ''The service and filing of a proper notice of appeal from final judgment . . . transfers the action from the . . . [district] court to the appellate court, annd divests the . . . [district] court of further jurisdiction in the cause except as to matters not affected by the judgment or order appealed from. The trial court has no longer any power or control over the action, and cannot proceed further *as to matters embraced in the judgment* until the appeal is heard and determined and its jurisdiction is restored. *It cannot change the order appealed from* . . .

''An appeal has the effect of removing from the jurisdiction of a trial court the subject matter of the judgment or order appealed from, including all questions going to the validity or correctness of such judgment or order. *The trial court has not power thereafter to amend or correct its judgment or order, or to vacate or set it aside. . .*'' 2 Calif. Jur. §§ 178–9, pp. 415–17. (Matter in brackets and italics supplied.)

petitioner, we would be required to read into the absolute terms of § 297—". . . an appeal . . . stays all further proceedings in the court below, upon the judgment . . . appealed from . . ."—a provision specifically excepting therefrom motions for reconsideration. We address ourselves to the contention of the petitioner that Act No. 67 requires this result.

Act No. 67 was a direct outgrowth of our opinion in *Dávila* v. *Collazo*, 50 P.R.R. 475. We pointed out there that the decision of the Circuit Court of Appeals in *Saurí* v. *Saurí*, 45 F.(2d) 90, was binding on us until our Legislature took some action. Meanwhile, we were compelled to hold (p. 480) that "the [seasonable] filing of a motion for reconsideration of a judgment . . . renews . . . [the time to appeal] so that it commences to be counted anew from the date on which reconsideration is denied . . ." (Matter in brackets supplied). In other words, a timely motion for reconsideration automatically results in "entertainment" thereof.

The Legislature, agreeing with us that the effect of the ruling in the *Saurí* case was to encourage delay in the taking of appeals, passed Act No. 67 the next year.[6] That Act, amending § 292 of the Code of Civil Procedure, changes the *Saurí* rule and provides that a motion for rehearing must be filed in the district court within fifteen days after final judgment or within five days after an appealable order; that the district court must decide such a motion within five days; and that if the district court rejects such a motion outright,[7] the time to appeal is considered as never having been interrupted. On the other hand, if the district court decides to consider or to hear the motion—that is to say, "grants"

[6] Attention is called to two mistranslations in Act No. 67. At page 191, line 9, the word "judgment" should read "order". On the same page, at line 23, the words "the final decision" should read "the final order". Laws of Puerto Rico, 1937, pp. 190–1.

[7] We know exactly what "outright" means in the Spanish version; we use the words "de plano". That means that, although it has been examined, it has been summarily denied without hearing.

the motion, for purposes of hearing or consideration—the time to appeal begins to run from the date of the order entered on the motion finally disposing thereof.

It is therefore now the rule in this jurisdiction that unless the district court takes some affirmative action by way of "granting" a motion for reconsideration and setting the case down for rehearing, such a motion has not been "entertained", even though it has been seasonably filed. Litigants who file such a motion take the risk that their time to appeal is running, unless the district court subsequent to the filing of the motion formally "grants" it. If the motion is denied without hearing, the time to appeal is considered as having begun to run from the date of the filing in court of the notification of the original judgment of the district court. (*Marcano* v. *Marcano*, 60 P.R.R. 344; *Concepción* v. *Latoni*, 59 P.R.R. 663; *Las Monjas* v. *Insular Racing Com.*, 52 P.R.R. 432. Cf. *Torres* v. *Sucn. Serrallés*, 55 P.R.R. 118, which reverted to the earlier cases and seems to have been a temporary aberration).[8]

As already noted, Act No. 67 gives the district court five days within which the court "shall decide" the motion for reconsideration. We have held that this "is not a peremptory term, jurisdictional in character, but purely directory".[9] Nevertheless, we suggested in the *Marcano* case (p. 345) that "What is really required of the court is not that it render

---

[8] Does the timely filing in this court of a motion for reconsideration, without more, suspend the beginning of the period to appeal from us to the Circuit Court of Appeals? That is a question of Federal, not local, practice on which we have no authority to pass. It must be answered by the courts above us on the basis of Federal laws. See *Denholm & McKay Co.* v. *Commissioner of Int. Rev.*, 132 F.(2d) 243, 247 (C.C.A. 1st, 1942).

But we are required to give at least a preliminary answer, although the courts above us would again have the final word on a related Federal question: does this court retain jurisdiction to pass on a pending motion for reconsideration despite subsequent appeal from the judgment in question to the Circuit Court of Appeals? In *Campos Delgado* v. *Central Cambalache, Inc.*, decided today, we answer this question in the negative, finding that the Federal and our local rule are the same in this respect.

[9] *Marcano* v. *Marcano*, 60 P.R.R. 344, 345.

a decision on the merits of the motion within said period, but that it take some action in regard to the same, either by peremptorily denying it if in its judgment it lacks merit, or by setting a day to hear the parties thereon if it deems it meritorious."

If the district courts would faithfully follow the above suggestion to give such motions priority, and would within five days deny them outright or set them down for hearing if they raise a substantial point, the moving party would not be faced with the dilemma of either abandoning his motion for reconsideration or running the risk that his time to appeal would expire while the district court kept his motion pending and thereafter denied it without a rehearing. The Legislature or this court by rule should' perhaps provide that a failure to act on the motion within five days means that it is automatically denied.[10] This would probably goad the district courts into action. In any event, it would eliminate the present predicament of moving parties who can obtain no ruling on their pending motions for reconsideration while their time to appeal is running.

We have recited the foregoing in detail in order to emphasize our statement in the *Marcano* case (pp. 345–6) that "the real object of the statute is to prevent the resort to motions for reconsideration that are frivolous and groundless and made for the sole purpose of delaying the execution of the judgment." It is apparent that Act No. 67—which for the first time gave statutory recognition to the practice of filing motions for reconsideration in the district courts—has not entirely accomplished its objective. Moreover, it has also left other problems in its wake. But acute as these problems are, they have no bearing on this case, except to demonstrate that Act No. 67 was not directed toward answering the question before us: the jurisdiction of a district court to pass on a motion for reconsideration despite appeal.

---

[10] Cf. a similar provision in California as to motions for a new trial. 2 Cal. Jur. § 175, p. 409.

The short of it is that we find nothing in Act No. 67 to show that the Legislature had any intention therein to write an exception into the absolute rule found in § 297 of the Code of Civil Procedure, and thereby to discard the California—and indeed, the almost universal—rule that appeal from a judgment ousts the jurisdiction of the lower court to pass on a pending motion for reconsideration thereof. We add what is perhaps already obvious: as in *Molina* v. *Rodríguez, supra,* this is a case of *lex scripta,* and in the light of that case and the reasoning herein, *González* v. *Schluter, supra,* and all our similar cases were mistakenly decided and are expressly overruled. The effect of our holding is, of course, to leave both § 297 and § 292, as amended, in effect: § 292 provides for the time for the filing and decision of a motion for reconsideration; § 297 operates to deprive the lower court of jurisdiction over such a motion if appeal is filed prior to decision thereof.

The result we have reached may seem harsh where, as here, the motion for reconsideration is filed by one party and the appeal is thereafter filed by the opposing party. But we see no escape from the flat terms of the statute even under those circumstances. The remedy, if any, must come by statute or rule.[11]

The petitioner, in filing its motion for reconsideration, ap-

---

[11] We are not faced in this case with the problem of a divisible judgment with independent parts, one favorable to the plaintiff and one favorable to the defendant. In such a case if the defendant filed a motion for reconsideration of the portion of the judgment unfavorable to him, and thereafter the plaintiff appealed as to the other portion of the judgment only, would the plaintiff's appeal deprive the district court of jurisdiction to pass on the defendant's motion to reconsider the other portion of the judgment? (See 2 Calif. Jur. §§ 25, 570. 590, 628; cf. *Reyes* v. *Aponte,* 60 P.R.R. 360; *Padilla* v. *García,* 61 P.R.R. 710). We leave this question open, as there is no room for any contention here that the motion for reconsideration and the appeal were directed against different and independent parts of the judgment. In the instant case the order was for a certain amount plus $400 for attorney's fees. The petitioner, the prevailing party, moved for reconsideration on the ground that the two sums as fixed by the district court are too low; the appeal by the other side is, as indicated by their position in the lower court, on the ground that these same sums are too high.

parently did not rely in the district court on § 140 of the Code of Civil Procedure.[12] But in view of the arguments herein and the language of some of our earlier cases, we deem it appropriate to add that our conclusion herein is not affected by the terms of § 140 of the Code of Civil Procedure. That Section has had a curious history. It was first copied from § 473 of the California Code. Thereafter Rule 60(*b*) of the Federal Rules of Civil Procedure was substantially copied from the California provision. This court, in adopting our Rules of Civil Procedure, carried over Federal Rule 60(*b*) into our own Rules.[13] We may therefore look to the California and to the recent Federal cases for light on this question. The authorities already cited demonstrate that California has not permitted lower courts to act under such circumstances despite the fact that the motion called for the type of relief afforded under its § 473. And the Federal cases, although some of them express a preference for the contrary rule, recognize that they are compelled to hold under Rule 60(*b*) that the district courts lose jurisdiction over such a motion by appeal. (*Schram* v. *Safety Inv. Co.*, 45 F.Supp. 636 (Dist. Court, Mich., 1942); *Miller* v. *United States*, 114 F.(2d) 267 (C.C.A., 7th, 1940); 3 Moore's Federal Practice § 60.05 p. 3277 and 1942 Supp., p. 206. Cf. *Perlman* v. *322 West Seventy-Second Street Co., Inc.*, 127 F. (2d) 716 (C.C.A., 2d, 1942)).

This case does not call for a ruling as to what type of case warrants relief under our Rule 60(*b*). Nor does it involve the question of whether the jurisdiction of the district court is restored when our mandate reaches that court for

---

[12] That Section reads in part as follows: "The court may, in furtherance of justice . . . relieve a party, or his . . . representatives, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect . . .".

[13] It should be noted that in carrying § 140 of the Code of Civil Procedure over into Rule 60(*b*) this court committed the same error of translation as found in § 140. As the English version indicates, it is the mistake, etc., of the moving party, and not mistake of the court or others, which may be corrected pursuant thereto.

the purpose of passing on either an ordinary motion for reconsideration or a motion under Rule 60(*b*). We hold here only that such relief is precluded while appeal is pending from the judgment in question.[14] We are therefore constrained to add that, in the same way as *González* v. *Schluter*, was mistakenly decided, the language found in such cases as *Heirs of Mandés* v. *Heirs of Agüero*, 42 P.R.R. 660, 5; *Succrs. of Abarca, S. en C.* v. *Central Vannina, Inc.*, 41 P.R.R. 336, 344; *Pérez* v. *District Court*, 39 P.R.R. 121, 124, to the effect that a district court could pass on a motion pursuant to § 140 of the Code of Civil Procedure (now Rule 60(*b*)) despite appeal, is erroneous.

The writ of certiorari will be discharged.

___

[14] Here again, with reference to Rule 60(*b*), the petitioner concedes that the rule stated herein is correct, except that it argues that here also Act No. 67 operates to change the rule. For the reasons already noted, we are of the view that Act No. 67 does not have that effect.