[No. 11670.    Department One. — June 17, 1887.]

IN THE MATTER OF THE ESTATE OF B. F. SULLEN-
BERGER, DECEASED.

MUTUAL, OPEN, AND CURRENT ACCOUNT. — In    order to constitute a mu-
tual, open, and current account, the transactions must be between the
parties to the account. Transactions with the executor of one of them,
not in his official capacity, cannot affect the account.

ID. — NOVATION — SUBSTITUTION OF NEW OBLIGATION. — Loose statements
made by the maker of a note to the executor of the deceased payee, to
the effect that he would settle the entire indebtedness existing between
them, and would pay the executor any balance that might be due from
him upon the termination of certain business transactions in which they
were engaged, do not amount to the substitution of a new obligation in
place of the note, within the meaning of section 1531 of the Civil Code,
and hence do not constitute a novation.

ID. — CLAIM AGAINST ESTATE — MUST BE FOUNDED ON NEW OBLIGATION. —
Where a promissory note is extinguished by the substitution of a new
obligation in its place, and afterwards the maker of the note dies, the
claim presented against his estate must be based upon the new obligation,
and not upon the note.

ID. — CLAIM CANNOT BE AMENDED AFTER TIME FOR PRESENTATION. — A
claim against the estate of a deceased person, which has been duly al-
lowed and filed, cannot be substantially changed, either by amendment
or otherwise, after the expiration of the time for the presentation of
claims.

ID. — EX PARTE ALLOWANCE OF CLAIM — JUDGE MAY SET ASIDE WITHOUT
NOTICE TO CLAIMANT. — An allowance by the judge of a claim against
the estate of a deceased person, made on an *ex parte* application, may
subsequently be set aside by him without notice to the claimant.

APPEAL from an order of the Superior Court of Yolo
County setting aside the allowance of a claim against the
estate of a deceased person.

The facts are stated in the opinion.

*Armstrong & Hinkson*, and *Benjamin Bullard*, for Ap-
pellant.

*Reese Clark*, for Respondent.

HAYNE, C. — This is an appeal from an order setting
aside the allowance by the judge of a claim against the

estate.   The ground of the order was that the claim was barred by the statute of limitations.

We think the claim was barred.   It was upon a promissory note dated December 2, 1878, and payable eight months after date.   Sullenberger died December 5, 1883, at which time the statute had run against the note, unless the case is taken out of its operation by the following circumstances: After the death of L. C. Drummond (the payee), Sullenberger (the maker) sold some wheat to M. Drummond, who was the son of the payee and the executor of his will, and delivered some hogs to him to be sold; and M. Drummond advanced some money to Sullenberger and paid some of his debts, and testifies that on one occasion, when about to go on a short journey, "he said that when he should return, which would be in a short time, he would settle the whole indebtedness; and if the proceeds of the wheat and hogs were not sufficient to settle the note and money advanced and paid to his creditors, he would pay the balance."   M. Drummond sold the hogs, and after applying the proceeds of the hogs and wheat to the various demands against Sullenberger, there remained due on the note a balance of $828, for which sum the claim was presented.   Two grounds are urged to show that the foregoing circumstances take the case out of the statute.

1.  It is said that the transactions mentioned constitute a mutual, open, and current account.   But if we assume that this is so, the account was not between the parties to the note.   There is no evidence that M. Drummond had any authority from the Probate Court that the estate of which he was executor should advance money to Sullenberger, or pay his debts, or buy his wheat, or act as his broker in selling hogs.   And it does not appear that the estate did so.   So far as the evidence showed, M. Drummond advanced his own money for the purposes mentioned, and acted individually in his purchase of the wheat and sale of the hogs.

His testimony is as follows: "He was going away from Davisville temporarily, and was owing some *to me* and Liggett and to other persons. He delivered *to me* some hogs to sell for him and Liggett, and *I had bought* from him his wheat. *I* was to let him have some money then, which *I* did, and paid some debts for him." There is not a word to show any dealing between Sullenberger and the estate of Drummond. The passage first above quoted amounts to nothing more than a permission from Sullenberger to M. Drummond to apply whatever balance should remain in his hands to the payment of the note due to the estate. We attach no importance to the statement of M. Drummond that the note was " considered a part" of the business transactions which he had with Sullenberger, or that it "was understood to form a part of the indebtedness."

2. It is argued that there was a novation, and that the provision requiring a writing to take a case out of the statute does not apply, because there was a new consideration. Without considering the latter branch of this argument, it is sufficient to say that the loose statements of Sullenberger, to the effect that he "would settle the whole indebtedness" on his return, and would "pay the balance" if a balance should remain after application of proceeds of sales, do not amount to "the substitution of a new obligation between the same parties with intent to extinguish the old obligation," and hence there was no novation. (Civ. Code, sec. 1531.) If, however, we overlook this, and disregard the fact that the new consideration did not move from the estate, then it would follow that the claim should not have been on the note, but upon the "new obligation," which must have existed if there was any novation. The claim, however, which was allowed, and the allowance of which was set aside, was a simple claim upon the note.

The "amended claim," which was allowed to be filed "in opposition to the motion" to vacate the allowance

of the first claim, is not an element of the question.   No substantial change can be made in a claim on file, either by way of amendment or otherwise, after the expiration of the time for the presentation of claims.   Furthermore, the permission was merely to file the "amended claim" on the hearing of the motion.   When the court came to consider the matter, it rejected the claim.

But it is urged that the allowance of the first claim was a judgment, and that the court could not set aside its action for mere error.   But if it was a judgment in this sense, it was a judgment obtained *ex parte*, and the rule with reference to the power of a court to revise its own action suffers an exception in the case of *ex parte* proceedings.   This must necessarily be so; for if an appeal should be taken directly from the "judgment" allowing the claim, it must be heard upon the case made upon the application to the court below; and the opposing party is not heard upon such application, and consequently has had no opportunity to present his side of the question.   The only way he has to make a showing is by moving to set aside the "judgment."

Exception is taken to the notice of motion to set aside. But the order allowing the claim having been made out of court and without notice, no notice of motion to set it aside was necessary.   (Code Civ. Proc., sec. 937.) Moreover, we think the notice was, under the circumstances, sufficient.

In the foregoing we have assumed that the order was appealable, the question not having been argued.

We therefore advise that the order be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.