[No. 11377.   Department One. — May 31, 1888.]

## CHARLES D. COON, APPELLANT, v. GRAND LODGE OF THE UNITED ORDER OF HONOR OF CALIFORNIA, RESPONDENT.

APPEAL — ACTUAL ENTRY OF JUDGMENT — ENTRY NUNC PRO TUNC. — The rights of parties in respect to an appeal are determined by the date of the actual entry of the judgment, and they cannot be affected by the entry of the judgment *nunc pro tunc* as of a prior date.

ID. — PREMATURE APPEAL. — An appeal from a judgment taken prior to the date of its actual entry is premature and will be dismissed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Motion to dismiss appeal.   The facts are stated in the opinion of the court.

*J. G. Severance*, for Appellant.

*R. Percy Wright*, for Respondent.

PATERSON, J.— Judgment was entered for defendant on demurrer.

The motion to dismiss the appeal herein on the ground that it was prematurely taken must be granted. The notice of appeal was filed and served on November 2, 1885. The judgment was not entered until December 10, 1885. It is not dated, but it is indorsed, "Judgment recorded December 10, 1885, *nunc pro tunc* as of October 30, 1885." The judgment is not signed by the judge, and there is no order directing the entry thereof as of October 30, 1885; but if it be presumed that such an order was made, it would not avail the appellant.

The rights of the parties in respect to an appeal are determined by the date of the actual entry of the judgment, and they cannot be affected by the entry of judgment *nunc pro tunc* as of prior date. The appeal begins to run from the time of the (Code Civ. Proc., sec. 939; *In re Fifteenth*

*sion*, 54 Cal. 179; *Rubber Co.* v. *Goodyear*, 6 Wall. 155; 2 Hayne on New Trial and Appeal, sec. 204.)

The appeal is dismissed. ·

McKINSTRY, J., and SEARLS, C. J., concurred.