[No. 12596.  In Bank. — December 27, 1888.]

WILLIAM C. WATSON, RESPONDENT, *v.* ADOLPH SUTRO ET AL.  ADOLPH SUTRO, APPELLANT.

TIME FOR APPEAL — INTERLOCUTORY DECREE IN PARTITION — DISMISSAL. — An appeal from an interlocutory decree in partition will be dismissed if not taken within sixty days.

ID. — REVIEW OF INTERLOCUTORY DECREE IN OTHER CASES. — An interlocutory decree in cases other than partition is not appealable, but is to be reviewed on appeal from the final decree.

APPEAL FROM ORDER DENYING MOTION FOR NEW TRIAL — SERVICE OF NOTICE OF APPEAL — SERVICE OF NOTICE OF INTENTION. — A notice of appeal from an order denying a motion for new trial need only be served upon the parties to the motion in the court below.  If the notice of intention to move for new trial was not served on all the proper parties, the matter is one for consideration on the hearing of the appeal, and is not ground for its dismissal.

LXXVII. CAL.—39

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

MOTION to dismiss appeal.   The facts are stated in the opinion.

*Lloyd & Wood,* for Appellant.

*Stanly, Stoney & Hayes,* for Respondent.

HAYNE, C.—Motion to dismiss appeal from a judgment and from an order denying a new trial.   The suit was to obtain a decree declaring that the plaintiff was the equitable owner of an undivided interest in certain real property, and for a partition of the property among the several co-tenants.   Findings were filed, and an interlocutory decree entered thereon, adjudging, among other things, that the plaintiff was the equitable owner of five one hundred and sixtieths of the property, and that the defendant Sutro held the legal title thereto in trust for plaintiff, and directing a conveyance accordingly, and that certain other parties held the legal title to four undivided one hundred and sixtieths in trust for Sutro, and directing a conveyance to him, and establishing the rights of the other parties to the suit, and appointing commissioners to make partition of the property in accordance with the rights of the respective parties as established by the decree.   The defendant Sutro is the only party who appears to be dissatisfied with the result.   He gave notice of intention to move "to set aside and vacate the decision, findings heretofore made herein, and to grant a new trial in this case," addressing the notice to the plaintiff's attorneys, and serving it on them only.   The motion made in pursuance of this notice was denied, and within sixty days thereafter, and about seven months after the recording of the interlocutory decree, the defendant gave notice of appeal from

the order denying his motion for new trial, and from so much of the decree "as determines and decides the title to and ownership of the five one hundred and sixtieths shares" of the plaintiff.

1. We think that the motion to dismiss the appeal from the decree should be granted. If the suit is to be regarded as a partition suit, it is obvious that the appeal was not taken within the sixty days allowed by law. (Code Civ. Proc., subd. 3, sec. 939.) If, however, as contended for the appellant, so much of the decree as established the equitable rights of the plaintiff was not properly a part of the partition suit, and for that reason is to be considered as a decree in an ordinary action, it would follow that the decree was not appealable at all. It is well settled that interlocutory matters are not appealable except in the cases provided by statute. (See cases collected in Hayne on New Trial and Appeal, sec. 188.) There is nothing inconsistent with this in the case of *Thompson* v. *White*, 63 Cal. 505; second appeal, 76 Cal. 381. On the contrary, on the first appeal the court, after stating that the decision was reviewable on motion for new trial, said: "That decision is also reviewable on appeal from *final* judgment when one shall be entered." And this was the view on the second appeal. It is to be regretted that this is the law. There are many actions, notably actions for an accounting, in which almost the whole controversy may be as to whether an interlocutory decree should be made; and the parties should not be compelled to wait until a final decree is rendered, and then to drag the whole case up to the appellate court, in order to present a question which could with much less expense be presented at once. The due administration of justice requires that where an interlocutory decree is proper, it should be placed upon the same footing as interlocutory decrees in partition. But it is for the legislature to make the change.

2. The motion to dismiss the appeal from the order

refusing a new trial should be denied. The question whether other parties should have been made parties to the motion in the court below, is not involved upon a motion to dismiss the appeal. That question is·simply as to whether the order was or was not properly made. And whether it was or not is a question to be considered upon the hearing of the appeal. If the proceedings on the appeal were properly taken, it should not be dismissed. And we think they were properly taken. The notice of appeal was served upon, and the transcript was certified by, the parties to the motion in the court below; and that is all that was necessary, at least in cases where the motion in the court below is denied.

We therefore advise that the appeal from the judgment be dismissed, and that the motion to dismiss the appeal from the order refusing a new trial be denied.

FOOTE, C., concurred.

BELCHER, C. C., took no part herein.

The COURT.—For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed, and the motion to dismiss the appeal from the order refusing a new trial is denied.