[Civ. No. 511.  First Appellate District.—May 18, 1908.]

JOHN HENRY JOSEPH O'ROURKE, a Minor, by FRANK
    J. O'ROURKE, His Guardian *ad Litem*, Respondent, v.
    T. J. FINCH, Appellant, and HARRY F. PATRICK
    and ESTELLE PATRICK, Co-Defendants.

APPEAL FROM ORDER DENYING NEW TRIAL — CONDITIONAL ORDER — RE-
    DUCTION OF JUDGMENT—MATURITY OF APPEAL—MOTION TO DISMISS.
    When the record upon appeal from an order denying a new trial
    shows that the court had made a conditional order granting the
    motion, unless plaintiff should consent to reduce the judgment to
    a specified sum, upon the filing of which consent the motion was
    denied as stated in the order, and that subsequently to the appeal
    the court made a *nunc pro tunc* order reducing the judgment as of
    the date of the order denying the motion for a new trial, a motion
    to dismiss the appeal on the ground that it was prematurely taken
    before the judgment had been reduced was properly denied.

ID.—RIGHT OF APPEAL.—The defendants, or either of them, had an
    immediate right of appeal from the order denying a new trial, as
    soon as it was entered in the minutes of the court.

ID.—SERVICE OF NOTICE OF APPEAL—ADVERSE PARTIES.—Upon appeal
from an order denying a motion for a new trial made by the de-
fendants, the plaintiff, to whom the motion was directed, is the
only adverse party, and upon an appeal by one of the defendants
the notice of appeal need not be served upon the other defendants
who joined in the motion, and the appeal cannot be dismissed for
want of such service.

ID.—ADVERSE PARTIES DETERMINED FROM RECORD.—The appellate court
must look only to the record for the purpose of determining the
question as to who were adverse parties.

MOTION to dismiss an appeal for an order of the Superior
Court of the City and County of San Francisco, denying a
new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Lynch & Drury, for Appellant.

W. H. Morrissey, for Plaintiff-Respondent.

COOPER, P. J.—The jury returned a verdict in favor of
the plaintiff for $1,000 in an action for personal injuries.
In due time the defendants, who appeared by the same at-
torneys, served notice of their intention to move for a new
trial, specifying the grounds upon which the motion would
be made.   On the hearing of the motion, December 2, 1907,
the court made an order granting the said motion unless the
plaintiff should, within twenty days, consent that the judg-
ment be reduced to $750, in which "event an order will be
made denying said motion."

Within the twenty days plaintiff filed his written consent
that the judgment might be reduced to $750, and the court
thereupon, on December 12, 1907, made an order "that the
motion for a new trial be and the same is hereby denied."
On January 7, 1908, the defendant Finch (appellant herein)
duly filed and served upon plaintiff a notice of appeal from
the order so made and entered on December 12th, denying
the motion.   On February 4, 1908, the court made an order,
directing that the judgment be reduced according to the prior
consent of the plaintiff to $750; that such order be entered
*nunc pro tunc* as of December 12, 1907.

Upon the above facts as shown by the record the plaintiff moves to dismiss the appeal upon two grounds.

First. It is claimed that the appeal was prematurely taken, for the reason that at the time the notice of appeal was given the judgment as modified, reducing the original judgment to $750, had not been made or entered.

It is not necessary that it should have been. The order denying the new trial had been made and entered in the minutes of the court, and the defendants, or either of them, had immediately the right to appeal therefrom. (Code Civ. Proc., sec. 939, subd. 3.)

Second. It is further urged that this court has no jurisdiction of the appeal, for the reason that it is by one only of the defendants, and that the notice of appeal was not served upon the other defendants—it being claimed that the other defendants were adverse parties.

The statute provides that the notice of appeal must be served upon the adverse parties or their attorneys. The motion for a new trial was made by all the defendants. Its object was to set aside the judgment, and have a retrial of the issues of fact. The plaintiff was the adverse party under such motion. He was the party to whom the motion was directed. We must look to the record, and that alone, for the purpose of determining the question as to who were adverse parties. (*Watson* v. *Sutro,* 77 Cal. 609, [20 Pac. 88] ; *In re Ryer,* 110 Cal. 557, [42 Pac. 1082] ; *Niles* v. *Gonzales et al.,* 152 Cal. 90, [92 Pac. 74].)

The motion is therefore denied.

Kerrigan, J., and Hall, J., concurred.