[Civ. No. 3371. First Appellate District, Division Two.—May 20, 1920.]

## SAMUEL C. BOYER, Appellant, v. THE CITY OF LONG BEACH (a Municipal Corporation), Respondent.

[1] JUDGMENTS—ORDER DISMISSING ACTION—RIGHT OF APPEAL.—An order dismissing an action under section 581a of the Code of Civil Procedure is, when entered upon the minutes of the court, a final judgment from which an appeal may be taken.

[2] ID.—RELIEF FROM—REMEDIES—TIME.—The time within which relief may be sought by appeal or motion under section 473 of the Code of Civil Procedure is limited by statute, and the time within which *certiorari* or a suit in equity may be instituted is determined by the equities of the case.

[3] ID.—MOTION TO VACATE—TIME.—There is no statutory authority for a motion to set aside a judgment after the period fixed by section 473 of the Code of Civil Procedure has expired, if such judgment is not void on its face because of want of jurisdiction of the subject matter.

[4] ID.—ORDER DISMISSING ACTION—RECORD—PRESUMPTIONS.—In the absence of the record of the proceedings had on the hearing of the motion to dismiss, on an appeal from an order denying a motion to set aside an order dismissing an action on the ground that the summons was not served on the defendant within three years and it had not appeared in the action, the presumption is that the motion to dismiss was made by an attorney of record and that it was supported by affidavits or other evidence.

[5] ID.—APPEARANCE BY DEFENDANT—DETERMINATION BY TRIAL COURT—HOW REVIEWED.—A determination by the trial court, on a motion to dismiss an action, that a notice of substitution of attorneys for defendant, which was served on plaintiff, did not constitute an appearance by defendant—failure of service of summons being admitted—may be reviewed on appeal from an order granting the motion.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to vacate an order dismissing an action. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Falkner for Appellant.

James E. Kelby, George L. Hoodenpyl and Christian Hoeppner for Respondent.

NOURSE, J.—This is an appeal by plaintiff from an order denying his motion to vacate an order dismissing his action against defendant made under section 581a of the Code of Civil Procedure, on the ground that the summons in the action was not served on defendant within three years next after the commencement of the action and that defendant had not appeared in said action.

The complaint was filed on May 12, 1914. Summons was not served upon defendant at any time. On October 4, 1915, the mayor of the defendant city served on counsel for plaintiff a notice that certain attorneys had been substituted by defendant for other attorneys, and this notice was filed with the papers in the case. Nothing further was done until January 4, 1918, when the attorneys so substituted for the first time appeared in the action and moved a dismissal on the grounds above stated. This motion was granted on January 16, 1918, no opposition being made thereto on behalf of plaintiff.

Thereafter and on August 5, 1918, plaintiff filed a notice of motion to vacate the order of dismissal on the grounds that (1) the motion was made by one who was not an attorney of record; (2) that the face of the record showed that a general appearance had been made by defendant, and (3) that the motion was not supported by affidavits or other evidence. This motion was denied by the trial court, and from that order the appeal is taken.

[1] An order dismissing an action under section 581a of the Code of Civil Procedure, is, when entered upon the minutes of the court, a final judgment from which an appeal may be taken. It was so held in *Marks* v. *Keenan*, 140 Cal. 33, [73 Pac. 751], when the provisions of this section were contained in section 581. It is true the latter section also provided that the orders of dismissal should be entered in the minutes of the court and that when so entered they should be effective for all purposes. This language was not carried into section 581a when the change was made, but the record here discloses that the order was entered in the minutes of the court and the effect of the entry can be none other than that specified in section 581. When a judgment or order is not void on its face because the subject matter is without the jurisdiction of the court rendering it, the law provides sufficient methods to reverse or correct it by appeal,

by *certiorari,* by a suit in equity, and by motion under section 473 of the Code of Civil Procedure. [2] The time within which relief may be sought by appeal or motion under section 473 is limited by statute, the time within which *certiorari* or a suit in equity may be instituted is determined by the equities of the case. [3] There is no statutory authority for a motion to set aside a judgment after the period fixed by section 473 has expired, at least if such judgment is not void on its face because of want of jurisdiction of the subject matter. It is not necessary to discuss the remedies for relief from the latter class of judgments because this is not such a case.

The motion to vacate the judgment was made more than six months after its entry. [4] The first and third grounds urged in the motion cannot be considered because, in the absence of a record of the proceedings had on the hearing of the motion to dismiss, the presumption is that they were regular. [5] The second ground urged—that the defendant had made a general appearance in the action within the three-year period—presented a mixed question of law and fact which the trial court was required to determine upon the hearing of the motion. If it correctly determined that no appearance had been made—failure of service of summons being admitted—then the order dismissing the action was proper. If the court was in error, plaintiff had a plain remedy by appeal.

In any event, the trial court certainly had jurisdiction of the subject matter and the judgment is not void on its face for that reason. It is apparent that the notice of substitution of attorneys was not treated as an appearance by either party until long after the action had been dismissed. The notice was not followed by demurrer or answer, no attempt was made to bring the cause to trial, no stipulations were made on behalf of defendant, and no concessions were given by plaintiff. That the notice was not intended to be an appearance is clear.

The trial court properly denied the motion to vacate the judgment and its order is therefore affirmed.

Langdon, P. J., and Brittain, J., concurred.