[Civ. No. 4197. First Appellate District, Division Two.—November 8, 1922.]

## P. McCALLUM, Respondent, v. G. L. STULL et al., Appellants.

[1] JUDGMENTS—DISMISSAL OF ACTION AFTER CROSS-COMPLAINT FILED —SUBSEQUENT JUDGMENT ON MERITS — FORECLOSURE OF LIEN — EVIDENCE.—Where, 'in an action to quiet title, after the defendant has filed an answer and cross-complaint and the plaintiff has answered the cross-complaint, and after the case has come on for trial, the trial court inadvertently orders the action dismissed, and an entry to that effect is entered in the minutes of the courtroom clerk and in the register of action, but a judgment of dismissal is not entered pursuant to that order, the trial court has the power thereafter to prepare and sign findings and judgment disposing of the case on its merits; and in a subsequent independent action to foreclose the lien of the judgment thus entered, the entry of the prior order of dismissal is not admissible as evidence.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

Eloise B. Cushing for Appellants.

T. John Butler for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to foreclose a judgment lien. Judgment went for the plaintiff and the defendant G. L. Stull

has appealed under section 953a of the Code of Civil Procedure. The record presents but one question, and that is the question of procedure. Before proceeding further it is necessary to state the facts concerning the history of this litigation.

[1] Prior to the ninth day of July, 1915, G. L. Stull, the appellant, commenced an action against P. McCallum et al., to quiet title. Thereafter the defendant in that action appeared and answered and at the same time filed a cross-complaint. Later the plaintiff answered the cross-complaint. Thereafter the cause as made by the pleadings came on for trial, and on May 11 such proceedings were had that the cause was ordered dismissed. An entry was made by the courtroom clerk in his minutes, and an entry was made in the register of actions, "1916 May 11. Cause dismissed." Thereafter no proceedings were had until February 19, 1919. On that date findings of fact and conclusions of law were duly signed and filed and on the same date a judgment in due form was also signed and filed and the judgment-roll was made up. When the instant case came on for trial the plaintiff produced the judgment-roll and evidence showing that no part of the judgment had been paid, and thereupon the plaintiff rested. The defendant thereupon offered in evidence the minute entry showing an order of dismissal and also the register of actions showing the order of dismissal, which is quoted in full above. Both offers on the part of the defendant were refused, and the defendant claims such refusals to be errors. It is patent that the appellant was contending in the trial court that the first action was dismissed and that therefore there was no judgment to be foreclosed. If such was the contention of the appellant, then the appellant should have produced a judgment-roll showing that a judgment of dismissal was entered and that such judgment was within the jurisdiction of the court entering it. (*Harper* v. *Rowe,* 53 Cal. 233; *Simmons* v. *Threshour,* 118 Cal. 100 [50 Pac. 312].) But the appellant did not attempt to take any such course. The record on appeal shows that on May 11, 1916, the judge presiding at the trial ordered the action dismissed. Such order was undoubtedly inadvertently made because, as we have stated above, one of the defendants had interposed a cross-complaint, the cross-complaint had been answered, the

case had been set down for trial, and trial had been had, at least in part, and the time to dismiss had passed, and the time had arrived to try the cause on its merits and render a judgment accordingly. (Code Civ. Proc., secs. 581, 581a, 581b and 582.) As recited above, the purported dismissal was ordered by the court, but the dismissal did not fall within the provisions of subdivision 3, subdivision 4 or subdivision 5 of section 581 of the Code of Civil Procedure. Such being the case, the rule governing the procedure is that provided in section 582 of the Code of Civil Procedure. If the clerk had proceeded to enter a judgment of dismissal pursuant to the order made May 11, 1916, the appellant's contention might have had some merit. However, as we have shown above, no judgment of dismissal was entered and the court had full power on the nineteenth day of February, 1919, to prepare and sign findings and judgment disposing of the case on its merits. At the same time it had the power, if it saw fit, to correct the order inadvertently made on May 11, 1916, which order directed a dismissal. Apparently that correction was not made, but such intermediate errors cannot be inquired into at this late date, when findings of fact and a final judgment were entered as early as February 19, 1919. Such an inquiry would be a collateral attack on the latter judgment.

The trial court did not err in refusing to receive the evidence offered by the appellant. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.