[Civ. No. 6339. Second Appellate District, Division One.—March 13, 1929.]

In the Matter of the Estate of MARY WILSON, Deceased. J. N. SPROUSE, as Executor, etc., Appellant, v. HELEN SHINDLER et al., Respondents.

Frank G. Falloon for Appellant.

McPherrin & Ottofy for Respondents.

CONREY, P. J.—J. N. Sprouse, executor of the last will and testament of Mary Wilson, deceased, presented to the judge in the probate proceeding his individual claim based upon an alleged open book account between himself and decedent, and purporting to show a balance of $5,310.89 owing to the claimant. The judge approved the claim. This *ex parte* order was later set aside by an *ex parte* order; thereafter, and upon notice, the second order was set aside. Thereafter the executor filed his first annual account and petition for partial distribution. In this account he listed the alleged claim as a liability of the estate. Certain persons interested in the estate contested this item of the account. When the account came on for hearing the judge, on his own motion, set aside the original order allowing the Sprouse claim, and required the claimant to produce evidence in support of the alleged book account. The only witness produced on that subject was the claimant's wife, Olive J. Sprouse. A loose-leaf book was produced and identified as a book wherein certain of the pages contained many other items which were not charges against Mary Wilson. The items claimed to be for expenses paid on behalf of Mary Wilson were identified by certain checkmarks which said witness declared that she and her husband had made at or about the time when the bills were paid. She testified that the name Mary Wilson found at the top of the first of the pages offered in evidence was written there when the account was opened; that is, that she thought so.

The points relied upon by appellant are not very definitely stated, but the following propositions will cover the merits of the case.

■ The court did not err in setting aside the original order allowing the claim, and in requiring direct proof thereof in connection with the settlement of the executor's account. (*In re Sullenberger*, 72 Cal. 549, 552 [14 Pac. 513].)

■ The evidence was sufficient to support the order rejecting the claim. This is so because the court refused to receive in evidence the alleged account-book, and also because the book itself, together with the testimony of Mrs. Sprouse, left the genuineness of the book and its character as a book of account against Mary Wilson so much in doubt that the court was justified in its refusal to accept the book as evidence. ■ A necessary element of a book account is that the book shall show against whom the charges were made. (*Wright* v. *Loaiza*, 177 Cal. 605 [171 Pac. 311].) We are unable to agree with appellant that the testimony of Mrs. Sprouse contained uncontradicted evidence sufficient as a matter of law to establish the validity of the book as a book of account. It may well be that the internal evidence contained in the pages themselves, together with the uncertainty of the witness as to some matters, and the manner in which she testified, justified the court in refusing to believe that the name Mary Wilson appeared in the book as originally written. (*Davis* v. *Judson*, 159 Cal. 121, 128 [113 Pac. 147].)

The appeal from the order denying the motion to strike out the bill of costs appears to be without merit. Section 1720 of the Code of Civil Procedure provides for the payment of costs by parties to proceedings in probate "as justice may require."

Finally, it should further be noted that the appeal as set forth in the notice of appeal purports to be by Sprouse "as executor of the estate of Mary Wilson, deceased." It is difficult to see how the executor of an estate, in his capacity as representative of such estate, can be injured by an order rejecting a claim against the estate.

The orders from which these appeals were taken are, and each of them is, affirmed.

Houser, J., and York, J., concurred.