[Civ. No. 9363. First Appellate District, Division One.—January 29, 1934.]

A. F. ROSSLOW, Respondent, v. E. A. JANSSEN, Appellant.

Ivan N. Maroevich and Frank V. Kington for Appellant.

H. C. Burnhill and Francis Gill for Respondent.

TYLER, P. J.—Motion to dismiss appeal. From the record it appears that on August 3, 1933, a jury rendered a verdict in the above-entitled action in favor of plaintiff and against the defendant in the sum of $8,000 and costs. The action was one brought under the provisions of section 29 (b) of the Workmen's Compensation Act for damages for personal injuries and for attorneys' fees as provided for under the act. Entry of judgment upon the verdict was stayed by the trial court pending its disposition of defendant's motion for judgment notwithstanding the verdict. Thereafter, on August 14, 1933, defendant served and filed his notice of intention to move for a new trial. On September 11,

1933, the trial court denied defendant's motion for judgment notwithstanding the verdict and, acting under section 29 (b) of the act above referred to, granted plaintiff the sum of $1,000 attorneys' fees in addition to the amount of the verdict. A ten days' stay of execution was ordered until after the determination of defendant's motion for a new trial. On the following day, September 12, 1933, the clerk entered judgment for $8,000, together with the sum of $496.25 as costs, in accordance with the verdict, but not in conformity with the order of September 11, 1933, as he failed to include in the judgment the amount of attorneys' fees awarded plaintiff. On October 5, 1933, the court, in order to have the judgment speak the truth, decreed that the proper order be entered *nunc pro tunc* as of September 12, 1933, so as to include in the judgment the amount allowed as attorneys' fees. This order was made to correct the clerical misprision of the clerk. Thereafter, on September 19, 1933, defendant served and filed a second notice of intention to move for a new trial, alleging therein the same grounds he had previously enumerated in his first notice. On October 13, 1933, no notice of entry of judgment having been served on defendant by plaintiff, the original motion for a new trial filed August 14, 1933, was, by operation of law, denied under the provisions of section 660 of the Code of Civil Procedure. On November 18, 1933, the trial court formally acted on defendant's second motion for a new trial and entered its order denying the same. Thereafter, on November 28, 1933, defendant filed a notice of appeal to this court. Respondent here contends, in support of his motion to dismiss, that the notice of appeal filed November 28, 1933, is ineffectual for the purpose of perfecting an appeal under sections 939 and 940 of the Code of Civil Procedure, for the reason that sixty days from the entry of the judgment lapsed November 13, 1933, judgment therein having been entered on September 12, 1933; that the time was not extended by reason of the pendency of a motion for a new trial as thirty days had likewise elapsed since the determination in the trial court of defendant's proceeding upon motion for a new trial on November 13, 1933, said motion for a new trial having been filed on August 14, 1933, and, no action thereon having been taken by the court within sixty days as pro-

vided by section 660 of the Code of Civil Procedure, it was deemed denied.

It is appellant's contention that his time for appeal has not elapsed, for the reason that as no finding has ever been made by the court as to the reasonableness of the attorneys' fees, there has never been any judgment thereon, or at least not until October 5, 1933, the date of the *nunc pro tunc* order, if such order can be considered a finding. The same argument is presented in relation to the original motion for a new trial, it being claimed in this connection that as no proper judgment had been rendered at the time the notice was given it was premature and ineffectual and did not limit the time for appeal.

The trial court's order allowing plaintiff attorneys' fees was made and entered in the minutes simultaneously with the denial of defendant's motion for judgment notwithstanding the verdict on September 11, 1933. Judgment was incorrectly entered as above indicated. The judgment rendered constituted a single judgment. ▇ The attorneys' fees were an incident thereto, and the court had power to determine what were reasonable attorneys' fees without hearing any testimony upon the subject, and an express finding was unnecessary (*Huber* v. *Shedoudy*, 180 Cal. 311, 314 [181 Pac. 63]). ▇ This judgment, however, was not complete or effective until properly entered. When there is a jury trial as to some issues and a court trial on remaining issues, an entry of judgment on a previous verdict is premature and unauthorized. A party is entitled to have judgment entered immediately upon a decision or return of a verdict only when such verdict disposes of the entire case. (34 Cor. Jur. 62, 63; *Estate of McKenna*, 138 Cal. 439, 440 [71 Pac. 501] ; *Reclamation District* v. *Thisby*, 131 Cal. 572, 574 [63 Pac. 918].) The statute did not begin to run until after the proper entry was made, since it was not a final judgment until then. (*Crim* v. *Kessing*, 89 Cal. 478 [26 Pac. 1074, 23 Am. St. Rep. 491] ; *Coon* v. *Grand Lodge,* 76 Cal. 354 [18 Pac. 384] ; 2 Hayne on New Trial and Appeal, sec. 204.) ▇ Proper entry was not had until October 5, 1933, the date when the order *nunc pro tunc* was made. This was the actual date of the entry. A court cannot, by antedating an order or the entry of it, cut off the right of a party to an appeal. This right given by the code is not

lost or affected by such action. (*Spencer* v. *Troutt,* 133 Cal. 605 [65 Pac. 1083].) The rights of the parties in respect to an appeal being determined by the date of the actual entry of the judgment or order (Code Civ. Proc., sec. 939), they cannot be affected by the entry of the judgment or order *nunc pro tunc* as of a prior date. (*Martin* v. *Smith,* 11 S. D. 437 [78 N. W. 1001].) The earliest date, therefore, upon which the time for appeal from the judgment as a whole could start, was October 5, 1933. ■ The appeal taken on November 28, 1933, was well within sixty days following that date. Nor does the fact that defendant filed his notice of motion for a new trial prior to the entry of the final judgment alter or change the situation. The judgment originally entered by the clerk, being premature, was without authority or effect. (*San Joaquin etc. Irrigation Co.* v. *Stevinson,* 30 Cal. App. 405 [158 Pac. 768].)

■ Where an action embraces several issues, some of which are tried by the court and some by the jury, a notice of intention to move for a new trial, served and filed after the verdict on the issues submitted to the jury, but before the decision on the issues tried by the court, is premature and of no effect and does not in any manner control the time within which an appeal may be taken. (*Barnes* v. *Foley,* 189 Cal. 226 [207 Pac. 885].)

For the reasons given, the motion to dismiss the appeal is denied.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 28, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 29, 1934.