[Civ. No. 5664. Third Appellate District.—September 28, 1936.]

JEANNETTE G. BRYANT et al., Petitioners, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY et al., Respondents.

Louttit, Marceau & Louttit for Petitioners.

Neumiller & Ditz for Respondents.

GLENN, J., *pro tem.*—Petitioners seek to annul an order made by respondent judge, vacating and setting aside two certain orders previously signed by him approving and allowing a claim theretofore presented by each petitioner against the estate of Sarah H. Gillis, deceased. The ground stated in the petition for writ of review is that the superior court lacked jurisdiction to make the order vacating said orders allowing their claims, because of the fact that more than six months had elapsed from the date of said orders and the order purporting to vacate and set same aside.

Respondents have moved to dismiss the proceeding, and have also interposed a demurrer to the petition.

Sarah H. Gillis died testate in the month of January, 1932. After regular proceedings had therefor in the matter of her estate, the executor of her last will and testament was appointed and qualified. The claim of each petitioner was regularly presented in the month of October, 1932, and each was approved by the executor on December 27, 1933, and allowed and approved by the respondent judge on December 28, 1933, the approval being endorsed on each claim, and thereupon each claim was filed and registered as an approved claim against said estate. Subsequently,

the executor passed away and an administrator with the will annexed was appointed and qualified. On January 3, 1936, certain legatees and devisees named in said will filed notice of motion to vacate and set aside the allowance of said claims by the said executor, then deceased, and by the said respondent judge, and for the rejection of said claims, the grounds stated being that neither claim was supported by proper vouchers, and also that they were allowed *ex parte* by the judge, inadvertently and without notice to the petitioners, and were disputed by them. The motion was heard on March 11, 1936, and thereupon the court directed a minute order to be entered on said date in the matter of the estate of said Sarah H. Gillis, deceased, wherein it is stated: ''This matter having been brought to trial and this day submitted to the Court, it is ordered that the order of Court allowing the said claims . . . filed herein be set aside . . . '' This minute order was entered by the clerk on said date. The minute order was indefinite and defective in several respects. It failed to identify the subject-matter of the order; referred to but one claim, and that was not identified by the name of the claimant, or otherwise; also, the court refused to vacate the allowance of the claim by the executor, a fact not mentioned in the minute order.

A full and complete order was signed and filed by the court on March 18, 1936. This is the order which petitioners have brought before this court for review. Notwithstanding this fact, on May 28, 1936, the court ordered the order of March 11, 1936, to be amended by the clerk *nunc pro tunc* as of March 18, 1936, which was done by him by interlineation in the minute book.

A transcript of the record and proceedings in the matter of the estate of Sarah H. Gillis has been certified to this court.

The motion to dismiss is based upon four grounds: (1) That the application for a writ of review should have been made within sixty days from entry of this order in the minute book, and was not so made; (2) That petitioners have a plain, speedy and adequate remedy at law; (3) That respondents did not lack jurisdictional power to make the order; (4) That the application for writ of review was

made prematurely in that said order of said superior court is not subject to review by the above-entitled court.

A disposition of the demurrer to the petition herein will necessarily involve a discussion and determination of the merits of the third ground assigned for dismissal of this proceeding, and, hence, we will not consider the same in determining the motion to dismiss.

Some of the grounds upon which the motion to dismiss is based are also covered in the briefs on demurrer to the petition. A disposition of them on the motion will obviate reference thereto in considering the merits of the demurrer.

■ 1. Respondents make the point that the application for a writ of review must be made within sixty days after the entry of a judgment or order and that in probate proceedings the application therefor runs from the entry of the order in the minute book, and hence they state: "The order here in review was entered in the minute book of the probate department of the Superior Court of the State of California, in and for the County of San Joaquin, on March 11, 1936. The petition for writ of review was filed May 18, 1936, which is more than sixty (60) days after entry of said order of March 11, 1936."

Petitioners claim that the order sought to be reviewed is the one signed by the judge on March 18, 1936, which was a full and complete order. Respondents, in making the claim that the petition was not filed within time, rely upon the incomplete minute order as first entered on March 11, 1936. That order, as we have stated, does not indicate the subject-matter before the court, nor does it designate which claim was ordered set aside. That such order was deemed and treated by the court as insufficient on account of its indefiniteness is evidenced by the fact that a full and complete order was signed on the 18th of March, 1936, and filed with the clerk, and on May 28, 1936, the court also ordered an amendment of the first minute order *nunc pro tunc* as of March 11, 1936. Respondents' position would prevent petitioners from securing a writ of review on account of the defective order until it was corrected by the *nunc pro tunc* order of May 28th, at which time, according to the contention they make, it would be too late. To dismiss the proceeding, respondents, therefore, rely upon the incomplete and uncertain order, but to sustain

the order vacating and setting aside the allowance of these claims they must rely either upon the written order filed March 18, 1936, or the *nunc pro tunc* order made on May 28, 1936.·

The rule is well established that a party's right to an appeal cannot be cut off by antedating an order, or the entry thereof. (2 Cal. Jur., p. 403; *Spencer* v. *Troutt,* 133 Cal. 605 [65 Pac. 1083]; *O'Rourke* v. *Finch,* 8 Cal. App. 263 [96 Pac. 784]; *Rosslow* v. *Janssen,* 136 Cal. App. 467 [29 Pac. (2d) 287].) While the order under review is not an appealable order, as we will later point out, on analogy the same principle applies.

Although it is not material to the conclusion reached above, whether the order filed March 18, 1936, or the minute order as amended, is the court order in the matter, we hold that the order filed on March 18th, being full and complete, constitutes the order of the court, as there can be but one order rendered, and the second order was an idle act and of no force or effect. (*Estate of Vizelich,* 123 Cal. App. 651 [11 Pac. (2d) 870].)

 There is no statutory provision placing a limitation on the time within which a petition for a writ of review must be filed. The remedy may be barred by laches, although "there is no hard-and-fast rule by which to determine whether laches has barred the remedy". (*Reid* v. *Superior Court,* 44 Cal. App. 349 [186 Pac. 634].) Where there has been an unreasonable, unexplained delay in seeking the writ, the courts have considered the time allowed by law within which to appeal from a final judgment as sufficient, and, by analogy, have held that the remedy through *certiorari* should be held barred by the lapse of the same length of time. (*Reynolds* v. *Superior Court,* 64 Cal. 372 [28 Pac. 121]; *Smith* v. *Superior Court,* 97 Cal. 348 [32 Pac. 322].) In *Boyer* v. *City of Long Beach,* 47 Cal. App. 617 [191 Pac. 35], the court stated that "the time within which *certiorari* . . . may be instituted is determined by the equities of the case". In the case of *Security-First National Bank* v. *Superior Court,* 132 Cal. App. 683 [23 Pac. (2d) 1055], a writ of review was sought of an order granting a new trial, which order had been made *six months prior thereto.* Several of the cases above cited were relied upon to substantiate the claim

that the remedy was barred by laches. After referring to these cases the court states:

. "Where the defense of laches is presented it is *usually* held that in addition to the unexplained lapse of an unreasonable time there must be circumstances causing prejudice or injury to an adverse party in order to sustain the plea." (Citing a number of cases in support thereof.) "If the general rule which we have stated be applied to the facts of the case before us the defense of laches cannot be sustained because of the lack of any prejudice or injury to respondents and the San Diego Trust and Savings Bank from the mere lapse of time. The position of none of them has been changed in the slightest degree between the making of the order granting the new trial on January 15, 1932, and the filing of the petition for a writ of review in this court on July 15, 1932."

The language applies with equal force to the instant proceeding.

2. The order under review is not an appealable order. (Sec. 1240, Prob. Code; *Estate of Mailhebuau*, 201 Cal. 664, 666 [258 Pac. 378]; *Kowalsky* v. *Superior Court*, 13 Cal. App. 218, 220 [109 Pac. 158].) It has been held that even so, if the effect of an order can be reviewed and nullified by an appeal from the judgment, *certiorari* will not lie. (*Hughson* v. *Superior Court*, 120 Cal. App. 658 [8 Pac. (2d) 227].) Relying on this principle of law, respondents claim that petitioners have a plain, speedy and adequate remedy at law, as they can again present their claim to one of the judges of the superior court for allowance; if disallowed in whole or in part, a suit to enforce the claim may be prosecuted, and, if an adverse judgment is had, an appeal lies therefrom. Prior to the order vacating these claims, they stood as acknowledged debts against the estate. The approval of a claim against an estate is *prima facie* evidence of its validity, and the burden of showing invalidity is cast upon those who contest it. (11A Cal. Jur., sec. 588, p. 824.) It is apparent, therefore, that the effect of the order vacating the orders allowing the claims cannot be reviewed or nullified by the method suggested by respondents.

3. Respondents assert that the petition was filed prematurely, the claim being that there has been no final

adjudication or determination of the subject-matter. *Frost* v. *Superior Court,* 41 Cal. App. 580 [183 Pac. 206], and *Howe* v. *Superior Court,* 96 Cal. App. 769 [274 Pac. 992], are cited in support of the proposition.

The orders involved in the cases cited, while final in a certain sense, did not finally adjudicate or determine the subject-matter. We have already pointed out the finality of the order setting aside the orders allowing these claims, and will merely add that the subject-matter of said order was limited to the question of whether the court should set aside the said former orders allowing petitioners' claims. It determined this question in the affirmative, and there can be no proceeding or action entertained by said superior court wherein the effect of this order on the status of these claims can be changed.

As to the demurrer:

1. The order under review was made more than two years after the claims had been allowed, filed and registered as provided by law. While the six months limitation provided by section 473 of the Code of Civil Procedure does not apply where the inadvertence or mistake in making the order was that of the court or judge, as distinguished from that of a party making the motion to be relieved therefrom, nevertheless, the courts have held that such application must *ordinarily* be made within six months, that being considered, by analogy to the requirement of said section, as the limit of what may be considered a reasonable time. (*Consolidated Construction Co.* v. *Pacific Electric Ry. Co.,* 184 Cal. 244 [193 Pac. 238], and cases therein cited.) We have heretofore called attention to the case of *Security-First National Bank* v. *Superior Court,* 132 Cal App. 683, 685 [23 Pac. (2d) 1055], where the facts justified relaxing the usual rule and, therefore, the court refused to sustain the defense of laches, on the ground that the respondents suffered no injury or prejudice by the mere lapse of time. In the instant matter no prejudice or injury was shown by the delay in ordering the vacation of the orders allowing the claims.

The orders allowing these claims did not preclude an attack on them by any person interested in the estate and adversely affected thereby. A contest as to their correctness or validity may be instituted at any time prior to

the settlement of the final account of the executor or administrator, as the case may be, as neither had been reduced to judgment. (Secs. 713 and 927, Prob. Code.) They were not finally effective and were still under the control of the court, and could, therefore, be vacated by it, either upon its own motion, or upon motion of any party adversely affected thereby. The distinction which the law makes between an order which has the finality of a judgment and one over which the court still retains control is pointed out in the case of *Consolidated Construction Co.* v. *Pacific Electric Ry. Co., supra.* In that case it appeared that although summons had been issued and the defendant company had been served with summons and complaint nothing appeared in the record of the county clerk showing the issuance of the summons. The defendant not having appeared within the year, one Stewart, claiming to be interested in the land involved in the suit, presented an affidavit *ex parte* stating that summons had not been issued within a year, although the action had been pending for more than a year. Accordingly, the action was dismissed under the provisions of section 581a of the Code of Civil Procedure. About ten months later the attorneys for plaintiff discovered the dismissal and presented an affidavit *ex parte* setting up that the summons had actually been issued within the year of the commencement of the action, and asked for a vacation of the order of dismissal, which was granted. Within a few days thereafter, a motion was made on behalf of Stewart, upon notice to plaintiff, to set aside the order of vacation on the ground that it was made without jurisdiction. The feature of the case we are now concerned with is the fact that the order dismissing the action was never entered until almost a year after, and had not been entered when the order was made, at the instance of plaintiff, vacating it. In this regard the court states:

"The question, therefore, is, Was such entry necessary in order to make the order finally effective; in order that there be a judgment as distinguished from a mere order upon which a judgment could be had? If the order of dismissal was still of the latter character only, it was something over which the court still retained control and which it could revoke, either on the motion of a party or on its own motion. (*Robson* v. *Superior Court,* 171 Cal. 588 [154

Pac. 8].) It has even been held that after rendition of a judgment by the filing of findings of fact and conclusions of law with a direction for the entry of a certain judgment thereon, the court has still the power up to the time of the entry of the judgment to change the conclusions of law and the judgment to be entered. (See *Brownell* v. *Superior Court*, 157 Cal. 703, 708 [109 Pac. 91], and cases there cited.) After entry of judgment, however, such power is gone. (*First Nat. Bank* v. *Dusy*, 110 Cal. 69 [42 Pac. 476].)''

The court held that the dismissal was not finally effective until entered upon the minutes, and, after citing a number of cases to the point, quotes the following from *Page* v. *Page*, 77 Cal. 83, 84 [19 Pac. 183]:

'' 'The dismissal is not complete in the sense that the control of the court over the cause is terminated, until the judgment is entered.' ''

The court also states:

''It follows that it was still within the control of the court, which could vacate it, if made inadvertently or through mistake. . . .

''Before concluding we should, perhaps, say that when we have been speaking of an order of dismissal or an order for judgment, as not effective until entered, we have been speaking of it only as effective as a final determination of the action, discharging the parties, so to speak, from before the court, and ending the general authority of the court over the action. In many other ways an order of dismissal or an order for judgment is effective before entered or before judgment is entered upon it. (See, for example, *Fresno Estate Co.* v. *Fiske,* 172 Cal. 583, 599 [157 Pac. 1127], and cases there cited.)''

In *Egan* v. *McCray*, 220 Cal. 546 [31 Pac. (2d) 1041], the court held that an order of dismissal, based upon the grounds therein stated, was not effectual or conclusive as a judgment or final order until a judgment was rendered, and hence the court retained jurisdiction until such rendition of judgment to vacate and set aside the order of dismissal. (See, also, to the same effect, *McCallum* v. *Stull,* 59 Cal. App. 572 [211 Pac. 466].)

The orders allowing these claims had long since become final, so far as any appeal therefrom was concerned, but they were not final in the sense that the court could not set

them aside, if inadvertently allowed by the judge. That the court has such authority is established by the case of *In re Sullenberger,* 72 Cal. 549 [14 Pac. 513], where the order allowing a claim was set aside by the court on the ground that the claim was barred by the statute of limitations when allowed.

Independent of statutory provisions, courts have power to correct mistakes in their proceedings, and within a reasonable time to annul orders inadvertently made by them. (*Burbank* v. *Continental Life Ins. Co.,* 2 Cal. App. (2d) 664 [38 Pac. (2d) 451], and cases cited.) The delay of several years, under the circumstances stated, cannot be successfully urged as justifying the annulment of the said order.

█ 2. Petitioners make the additional contention that no showing of inadvertence on the part of the judge in the allowance of said claims was made on the motion to vacate. The only ground set forth in the petition upon which lack of jurisdiction is based is the fact that more than six months had elapsed from the date of the orders allowing petitioners' claims and the application to vacate the same. The effect of the demurrer to the petition being to adopt as the return to the writ the facts alleged therein (*Burlingame* v. *Justice's Court,* 1 Cal. (2d) 71 [33 Pac. (2d) 669]), the claim so made appears to be without the issue thus presented. Passing this, however, we will consider the contention so made, as well as the respondents' statement during the oral argument that the claims were barred by the statute of limitations when presented to the executor for allowance.

The claims were allowed by the respondent judge *ex parte.* The order under consideration states that in so doing he acted through inadvertence and without due consideration thereof. The record does not disclose the facts upon which the inadvertence or lack of due consideration is based, other than as may appear from the claims themselves.

Section 937 of the Code of Civil Procedure provides that:

"An order made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions are made."

In *Alpers* v. *Bliss*, 145 Cal. 565 [79 Pac. 171], the defendant made an *ex parte* application for leave to file a cross-complaint against the plaintiffs and certain other parties not named defendants in the complaint. This order was subsequently set aside upon motion of the plaintiffs. The court, in sustaining the order so vacating the previous order made on the *ex parte* application of defendant, calls attention to that fact and to the provisions of said section 937 of the Code of Civil Procedure, and in this regard states:

"It may be assumed that when plaintiffs moved to vacate the order granting leave to file the cross-complaint the judge made a more careful examination of the pleadings than was given when the order was made."

So, in the instant proceeding, in determining that he had acted through inadvertence and by mistake and without due consideration of the claims presented, we assume, as is doubtless the fact, that the judge made a more careful examination of these claims. In doing so he necessarily took into consideration the various items, the nature of the charges made and the dates thereof. Section 708 of the Probate Code provides that no claim which is barred by the statute of limitations shall be approved or allowed. From the examination we have made, these claims appear on their face to have been barred, in part, when presented to the executor for allowance, as will appear hereafter.

In *Estate of Wilson*, 97 Cal. App. 529 [275 Pac. 977], the superior court, on its own motion, set aside an order previously made, allowing a creditor's claim against the estate. In affirming the order the court said:

"The court did not err in setting aside the original order allowing the claim, and in requiring direct proof thereof in connection with the settlement of the executor's account. (*In re Sullenberger*, 72 Cal. 549, 552 [14 Pac. 513].)"

In the Sullenberger Estate the order allowing the claim was subsequently set aside. Exception was taken to the notice of motion to set the order aside. The court stated in this regard:

"Exception is taken to the notice of motion to set aside. But the order allowing the claim having been made out of

court and without notice, no notice of motion to set it aside was necessary. (Code Civ. Proc., sec. 937.)''

In the case of *Eisenberg* v. *Superior Court*, 193 Cal. 575 [226 Pac. 617], application was made to the Supreme Court for a writ of review to annul an order made by the trial court on an *ex parte* application of plaintiffs and without notice to defendants, vacating a restraining order theretofore granted by it, for the purpose of preserving the *status quo* pending the appeal. In the course of the opinion the court called attention to the provisions of said section 937 of the Code of Civil Procedure as authority for the action of the trial court, stating further that if there was any doubt as to the applicability of that general rule to provisional remedies, then it had such authority under the specific provisions of section 532 of said code relating to injunction granted without notice to the person enjoined. In concluding the opinion the court thus expressed itself:

''We are of the opinion that the respondent court in vacating the restraining order here in question was acting in the exercise of the jurisdiction so to do reserved in it by the provisions of Sections 937 and 532 of the Code of Civil Procedure.''

Each claim was presented on the theory that it was a mutual, open and current account against the deceased. As to such a claim, the statute of limitations is four years. (Sec. 337, subd. 2, Code Civ. Proc.) Where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the date of the last item proved in the account on either side. (Sec. 344, Code Civ. Proc.)

The claim of Jeannette G. Bryant covers items for nursing care, board for nurses and cash advanced to her mother, the decedent, the first entry being under date of October 8, 1923. The charge for nursing covers seven years and eleven months at $50 per month. Among other items during that period is one dated June 14, 1926, ''loan to mother $275.00''. Commencing February 11, 1931, and ending January 4, 1932, there are items of cash advanced to claimant's mother totaling $129.50. The account gives deceased credit for cash advanced to claimant totaling $375 and covering the period from July 15, 1926, to February 19, 1931. ■ It is well recognized that ''an account consist-

ing of items of charges on one side and payments merely on the other is not a 'mutual' account". (*Carter* v. *Canty*, 181 Cal. 749, 756 [186 Pac. 346], and cases cited.)

The claim of P. A. Bryant dates from June 1, 1922, which is more than nine years before the claim was presented for approval. For use of a car and certain personal services commencing on said date three charges are made, respectively of $70, $70 and $1,140, the last item covering 114 months. Under "cash paid Mrs. Gillis" is listed a sum of money each month, commencing August 4, 1928, to and including January 4, 1932, the first three entries being for $50 each, and each of the others being for $10. There appears another charge for rental collected by Mrs. Gillis on an acre of land belonging to the claimant from July 16, 1928, to January 1, 1932. On the other side of the account in favor of Mrs. Gillis we find nothing until July 16, 1928, under which latter date credit is given her for what appears to be the purchase price of an acre of land and also an item for interest thereon, these two items totaling $545.60. If we treat this as a reciprocal demand on her part (which we have assumed for the purpose of the decision) the account on that date thereby became mutual. Such fact did not have the effect of removing the bar of the statute as to any item in the account which was at that time in fact barred. This principle is stated in the case of *Fuerbringer* v. *Herman*, 225 Mich. 76 [195 N. W. 693], as follows:

"If, on July 14, 1921, the old account was not mutual . . . and if a mutual account was opened on that day, it would not, of its own force, draw into it items then more than six years old."

We are not, of course, concerned with the period of limitation in any jurisdiction other than our own.

The case of *Nason* v. *Superior Court*, 39 Cal. App. 448 [179 Pac. 454], cited by petitioners, involved an order purporting to have set aside a decree of court discharging an administratrix. The record showed affirmatively that the administratrix was entitled to her discharge and that there were no reasons shown upon which the court might base an order setting it aside. An attempt was made by respondents to invoke the provisions of said section 937 of the Code

of Civil Procedure, but the court said that they could secure no aid from the provisions of that section as the decree discharging the administratrix was not "an order made out of court". In *Klokke Inv. Co.* v. *Superior Court*, 39 Cal. App. 717 [179. Pac. 728], the court annulled an order purporting to vacate an order for publication of summons. Here, also, the record showed affirmatively that proper affidavits upon which the order for publication was based had been presented and filed and publication had been duly made. All steps had been regularly taken and had. From what we have stated above, these cases appear not in point.

We express our conclusion in the language of the court in *Alpers* v. *Bliss, supra:*

"The motion was addressed to the judicial discretion of the court, and we cannot say that there was any abuse of this discretion in granting it."

The motion to dismiss is denied; the demurrer to the petition is sustained; and the order vacating the said orders allowing petitioners' claims is affirmed.

Pullen, P. J., and Plummer, J., concurred.