[Civ. No. 12829.   Second Appellate District, Division Two.—December 13, 1940.]

In the Matter of the Estate of MICHAEL NORINS, Deceased. EDWARD NORINS, Appellant, v. MEYER STARK, as Executor, etc., et al., Respondents.

Victor L. Mindlin for Appellant.

Maurice Gordon for Respondents.

McCOMB, J.—This appeal transferred from the Supreme Court to this court for decision, pursuant to article VI, section 4c of the Constitution of the State of California is from an order approving the final account and report of a coexecutor of the estate of decedent upon his resignation.

The essential facts are:

July 28, 1938, letters testamentary were issued to Meyer Stark and J. W. Dewey as coexecutors of the estate of decedent. September 30, 1938, J. W. Dewey filed a claim against the estate based on a promissory note alleged to have been executed by the decedent in his favor. This claim without being referred to the coexecutor was presented to the court commissioner of the probate court, who allowed and approved it. January 9, 1939, J. W. Dewey resigned as an executor of the estate. On April 4, 1939, Meyer Stark moved the court to strike the claim, which motion was by the court denied. July 18, 1939, Meyer Stark filed his final account and report of executorship upon resignation, wherein he included

the aforesaid claim of J. W. Dewey as a claim against the estate. Appellant, an heir, filed an objection to the allowance of this claim, which was overruled, and he has appealed.

This is the sole question necessary for us to determine:

*Where one of two coexecutors of an estate is a creditor thereof, is it mandatory that such creditor's claim be presented to his coexecutor before it is approved by the probate court?*

This question must be answered in the negative. Section 703 of the Probate Code reads in part as follows, ''If the executor or administrator is a creditor of the decedent, he shall file his claim with the clerk, who must present it for allowance or rejection to the judge. Its allowance by the judge is sufficient evidence of its correctness, and it must be paid as other claims in due course of administration.'' The procedure followed in the present case was correct as it conforms to the requirements of the section of the Probate Code just mentioned.

There can be no question that, had Mr. Dewey been the sole executor, the procedure here followed would have been valid and not subject to objection. There is no apparent reason why a different rule should obtain when there are two or more executors or administrators. The court has the final obligation to allow or reject a claim without regard to its approval by the executor. This construction of the code provision in question does not in any way deprive appellant of the opportunity to show that the claim should not have been allowed, for the court upon *ex parte* application might on sufficient showing have set aside the allowance of the claim (*In re Sullenberger*, 72 Cal. 549, 552 [14 Pac. 513]), or the claim could have been set aside upon the motion of appellant, had he introduced on the hearing of such motion evidence to show that the claim had been erroneously approved.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood, J., concurred.